The State *v.* Earl.

*J. D. Alexander*, for appellant.

*J. M. Hanna*, for appellee.

———————•———————

THE STATE *v.* EARL.

CONTEMPT.—*Practice.*—In a proceeding for an alleged constructive contempt, except, perhaps, where it is to enforce a civil remedy, if the person charged fully answers all the charges against him, he will be discharged as to the attachment, and the court cannot afterward hear evidence to impeach or contradict him.

OSBORN, J.—On the 18th of March, 1873, this court, on its own motion, entered a rule in the above entitled cause, requiring the defendant to appear before the court on the 26th, and show cause, if any he could, why he should not be attached for an alleged contempt. The order recited a correspondence between our Chief Justice and the defendant, by which it appeared that the defendant had paid out large sums of money (and as it was intimated), for the purpose of unduly and corruptly influencing the action of the judges in a cause pending therein. The correspondence had been published, and the newspapers containing it were laid before us. And we deemed it fit and proper to enter the rule, in order that if money or other means had been improperly used, or attempted to be used, to influence the decision of the court, an investigation might be had, and the guilty parties punished. The rule required that the persons to whom the money was paid by the defendant should also be summoned

The State *v.* Earl.

to testify as witnesses. The attorney general was directed to take charge of the case on behalf of the State. On the return day of the rule, the defendant appeared in open court, waived the filing of interrogatories, and filed his own affidavit and the affidavits of each of the persons ordered to be summoned. In his affidavit he explicitly and fully denies all the charges and allegations in the rule, and states why and for what purpose the money was paid to the persons named; that it was paid to them as attorneys in the case, and for no other purpose whatever. The affidavits of the other persons corroborate him. They also state that no part of the money paid was used, or attempted to be used, to influence the judges, or either of them.

On reading the affidavits, the defendant moved to dismiss the proceedings, on the ground, first, that this court has no jurisdiction to punish for constructive contempt; and, second, because no affidavit was filed upon which to predicate the order of the court. He also moved to discharge the rule, because he had fully purged himself of the alleged contempt.

We have examined the authorities, and are satisfied that in all cases of proceedings for alleged constructive contempts, except, perhaps, when they are to enforce a civil remedy, if the party charged fully answers all the charges against him, he shall be discharged, as to the attachment, and that the court cannot, after that, hear evidence to impeach or contradict him. 4 Bl. Com. 286; *Saunders* v. *Melhuish*, 6 Mod. 73; *Thomas's Lessee* v. *Cummins*, 1 Yeates, 40; *In the matter of Moore*, 63 N. C. 397; *The United States* v. *Dodge*, 2 Gallis. 313; *People* v. *Few*, 2 Johns. 290.

As to the first and second points, we deem it unnecessary to pass upon them in this case, as the defendant has answered all the charges against him. They are important questions, and we are not willing to embarrass ourselves or our successors by unnecessarily expressing an opinion upon them.

Let this rule be discharged.

*J. C. Denny*, Attorney General, for the State.

*R. C. Gregory*, *J. R. Coffroth*, *W. R. Harrison*, and *J. A. Stein*, for defendant.