BURKE *v*. THE STATE.

From the Randolph Circuit Court.

*J. E. Neff, J. S. Engle, J. J. Cheney,* and *W. A. Thompson,* for appellant.

*J. C. Denny,* Attorney General, for the State.

CONTEMPT.—*Constructive · Contempt.—Evidence.—Answer Denying Affidavit and Alleging Innocence.*—Where a person charged with a constructive contempt in procuring a witness to absent himself appears, and, in answer to a rule, makes a sworn statement that the matters in the affidavit are not true, and alleges a state of facts consistent with his innocence, and that there was no intention to interfere with the process of the court, he should be discharged; and it is error for the court to proceed and hear evidence of the truth of the original affidavit and the falsity of the answer. The opinion in the case of *Whittem* v. *The State,* 36 Ind. 195, modified in conformity with the above rule.

From the Randolph Circuit Court.

*J. E. Neff, J. S. Engle, J. J. Cheney,* and *W. A. Thompson,* for appellant.

*J. C. Denny,* Attorney General, for the State.

DOWNEY, J.—This was a proceeding against the appellant

for a constructive contempt. The substance of the affidavit is, that three indictments were pending against the appellant, in each of which one Miller had been summoned as a witness for the State; that the appellant, knowing that Miller had been summoned as such witness, on Monday of the second week of the term of the court in which the cases were for trial, falsely stated to him that the indictments were all *non-prossed*, and that he would not be needed as a witness in the cases; that Burke gave Miller money and induced him to absent himself from the court, etc.

A question is made as to the sufficiency of the affidavit, but we need not decide it in order to dispose of the case. We may remark, however, that it has not the same defect as the affidavit in *McConnell* v. *The State*, 46 Ind. 298. In that case, it was not shown that the statement to the effect that the indictments had been *non-prossed* was not true. In this case, on the contrary, it is stated in the affidavit that the statement that the indictments had been *non-prossed* was false.

The defendant, in answer to the rule against him to show cause, made a sworn statement, " that the matters and things stated in the affidavit in which he is charged with a contempt of this court are not true; that the facts in the case are these: That on or about the time mentioned in said affidavit, he met the said Miller in the livery stable of one James Cannon; that Miller said to him that he wanted to go to Greenville, and that he had no money; that thereupon he loaned to Miller five dollars with no intent of preventing his being present to testify in the cases set out in the affidavit, as he had been informed by his attorney that the venue in said cases had been changed to Delaware county; that the same was done without the intention of interfering in any way with the process of the court."

Upon this showing, in answer to the rule, the defendant moved to be discharged from further answering thereto, but his motion was overruled; and the court, over his objection,

permitted the prosecuting attorney to introduce evidence to show the truth of the original affidavit and the falsity of the answer of the defendant. This, in our opinion, was an error.

In *The State* v. *Earl*, 41 Ind. 464, on reading his own and other affidavits, the defendant moved to discharge the rule, because he had fully purged himself of the alleged contempt, and OSBORN, J., in delivering the opinion of the court, said:

"We have examined the authorities, and are satisfied that in all cases of proceedings for alleged constructive contempts, except, perhaps, when they are to enforce a civil remedy, if the party charged fully answers all the charges against him, he shall be discharged, as to the attachment, and that the court can not, after that, hear evidence to impeach or contradict him."

Several authorities were cited in that case in support of the rule, some of which we propose to examine somewhat more at length.

Mr. BLACKSTONE says: "If the party can clear himself upon oath, he is discharged, but, if perjured, may be prosecuted for the perjury." In speaking of attachment as a means of enforcing a private remedy in chancery, he says: "And there, after the party in contempt has answered the interrogatories, such his answer may be contradicted and disproved by affidavits of the adverse party; whereas, in the courts of law, the admission of the party to purge himself by oath is more favorable to his liberty, though perhaps not less dangerous to his conscience; for, if he clears himself by his answers, the complaint is totally dismissed."

In the case in 6 Modern, 73, it was said by HOLT, C. J.: "When one is put to answer interrogatories for a fact fully proved against him, he ought to answer in custody; but where it is anything doubtful, the course is to put him to answer, that is, to bind him by recognizance to answer. And in either case, if they purge themselves upon oath, they are discharged; but they may be prosecuted for perjury if they swear false."

To the same effect is the case in 1 Yeates. In the case in

2 Gallis., which was for a contempt in forcibly rescuing a prisoner, the court said :

"We can not receive any collateral evidence as to the offence, but if the respondent, by his affidavit, and answer, on oath to interrogatories proposed by the district attorney, discharges himself of the contempt, no further proceedings can be had against him on the attachment. If, from any collateral evidence, it should appear, that there is reason to believe the respondent has perjured himself, we will recognize him to answer, at the next term of the court, to such matters as may be found against him."

In a note to this case, the following authorities are cited as bearing on the subject: Vin. Abr. Contempts A. B.; Prac. Reg. 99, 100; Gilb. Com. Pleas, 20, 21 ; 12 Mod. 511; Mod. Cas. 73; Com. Dig. Chancery D. 3; Salk. 321; 4 Bl. Com. 283 ; *Rex* v. *Horsley*, 5 T. R. 362; 3 Hawk. P. C. b. 2, ch. 22, secs. 1, 32, 33, 34; 1 W. Bl..640; Wyatt's Reg. 138; 2 Burr R. 796; 2 Doug. 516; Bac. Abr. Attachment, B.

In *The King* v. *Sims*, above cited, 12 Mod., this is the opinion:

"*Per Curiam.* If one brought in, in contempt, deny all upon oath, he is of course discharged of the contempt; but if he has forsworn himself, he may be prosecuted for perjury."

In *The King* v. *Vaughan*, 2 Doug. 516, above mentioned, the report says:

" Lord MANSFIELD stated the practice of the court to be, that, if the defendant, by his affidavit, fully denies the charge, on which the rule for an attachment was granted, that is sufficient; the weight of the evidence, or the credibility of what is sworn, is never considered; but if the defendant is hardy enough to swear falsely, he is left to be punished by indictment. In chancery, he said, they proceed differently: they examine the defendant on interrogatories, and also examine witnesses on both sides, and then decide upon the truth of the charge."

Bacon, at the place above indicated, says : "Attachments

are usually granted on a rule to show cause, unless the offence complained of be of a flagrant nature, and positively sworn to; in which last case the party is ordered to attend, which he must do in person; as must every one against whom an attachment is granted; and if the party attending the court upon such a rule to answer it, or appearing upon an attachment, be apparently guilty, the court in discretion, on consideration of the nature of the crime, and other circumstances, will either commit him immediately, in order to answer interrogatories to be exhibited against him, concerning the contempt complained of, or will suffer him to enter into a recognizance to answer such interrogatories; which if they be not exhibited within four days, the party may move to have the recognizance discharged; otherwise he must answer them, though exhibited after the four days; but in all cases, if he fully answer them, he shall be discharged as to the attachment, and the prosecutor shall be left to proceed against him for the perjury, if he thinks fit; but if he deny part of the contempts only, and confess other part, he shall not be discharged as to those denied, but the truth of them shall be examined, and such punishment inflicted, as from the whole shall appear reasonable; and if his answer be evasive as to any material part, he shall be punished in the same manner as if he had confessed it."

In *Whittem* v. *The State*, 36 Ind. 196, the following language is used:

"When the rule or attachment has been served, the person accused has the right to be heard by himself and counsel. If the contempt is admitted, the court may render judgment on such admission; but if the defendant denies that he committed the acts complained of, or insists that they do not constitute a contempt, then the court should hear the evidence, and upon that determine the guilt or innocence of the party."

In that case, the defendant did not file an affidavit purging himself of the contempt, and when the evidence was closed on the part of the State, he refused to offer any evidence in

his defence. The court thereupon required him to be sworn, but he refused to be sworn, on the ground that he was not bound to criminate himself. After, he had been adjudged guilty of the contempt and was in prison, he asked to be discharged from imprisonment and admitted to make a defence, and in support of his motion he filed his own affidavit and that of Emily I. Risk, for whose alleged abduction he was adjudged guilty of contempt. From this statement, it is obvious that the question arising in the record in the case under consideration was not presented by the record in that case. The question was not argued by counsel. The authorities were not examined by the court, but the writer of the opinion in that case stated, as applicable to a case of criminal contempt, the rule as it exists in chancery. The principal and controlling question in that case was, whether an appeal to this court would lie in a case for criminal contempt, and upon that point the authorities were carefully examined and reviewed. An examination of the authorities has satisfied us that the court erred in using in that case the words, "but if the defendant denies that he committed the acts complained of, or insists that they do not constitute a contempt, then the court should hear the evidence, and upon that determine the guilt or innocence of the party." It is settled by the entire current and whole weight of authority, that in cases of criminal constructive contempt the party should be discharged when he has purged himself of the contempt under oath, and the opinion in the above case should be, in that respect, modified. This modification is prepared by and meets the approval of the writer of the opinion in the above case, who has become satisfied, from an examination of the authorities, that he was led into error by supposing that the rule in chancery was applicable to cases of criminal contempt.

In our opinion, the sworn statement of the defendant in this case was a full answer to the accusation made against him in the affidavit, and hence the court should have discharged the rule made against him, and should not have

proceeded to hear evidence in support of the original affida-vit and in contradiction of the answer of the defendant.

The judgment is reversed, and the cause remanded, with instructions to discharge the rule against the defendant.