## HASKETT *v.* THE STATE.

·CONTEMPT.—*Constructive Contempt.*—It is the policy of the law not to extend the proceeding for constructive contempt to cases not coming within the established rules.

·SAME.—*Trial.*—Whether a person attached for contempt does or does not purge himself by answer, there should not probably be any trial.

SAME.—*Answer Denying Affidavit.*—*Process.*—Under the statute (2 G. & H. 8, sec. 13) conferring on the circuit courts full authority to punish by fine and imprisonment, or either, all contempts of their authority and process, in any matter before them or by which the proceeding of the court or the due course of justice is interrupted, one who knows an indictment is pending, on which the name of a certain person is indorsed as a witness, and that a subpœna has been issued and is in the hands of the sheriff to be served on that person, and who, to prevent the service of the subpœna,

removes such person to a remote part of the county, away from his ordinary place of residence, and by his advice and direction causes such person to avoid the service of the subpœna, may be attached for contempt; but, if in answer to an attachment upon an affidavit charging such facts, the person attached denies under oath that he knew any subpœna had been or would be issued for the witness when he removed him, he should be discharged from the attachment.

From the Hamilton Circuit Court.

*D. Moss, T. J. Kane, J. W. Evans* and *R. R. Stephenson,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

DOWNEY, J.—Proceeding against the appellant for contempt. An affidavit of Iredell H. Jessup, filed in the said court, states that an indictment had been and was pending in the court against one Marshall Cardwell for seduction of one Juliet L. Haskett; that her name was on the indictment as a witness, and she was a material and competent witness in the cause; that a subpœna had been duly issued for her, but not served until the 3d day of May, 1875; that on the 25th day of April, 1875, the appellant, well knowing all the facts above set forth, and that she would be subpœnaed as a witness in the cause at the April term, did counsel, advise, persuade and convey her away from her home in said county to the residence of Albert McMurtry, in a remote part of the county, twelve miles from her residence; and did advise, counsel and direct her to so conduct and conceal herself that the process of said court could not be served upon her; that she did so conceal herself, in pursuance of said advice and counsel; that process was not and could not be served upon her for several days; whereby said defendant has been guilty of contempt of said court, in interfering with its authority and process in a matter properly before it.

On this affidavit an attachment was issued, and the appellant was arrested and brought before the court. He moved the court to quash the attachment, but his motion was overruled. He then answered as follows:

· "The defendant, for answer to attachment issued against him for contempt herein, says that he did, at the request of said Juliet L. Haskett, accompany her to the residence of Albert McMurtry, which is in this county, but at that time he had no knowledge of the fact that any subpœna or other process had been issued from this court requiring her to tes-. tify as a witness in said cause or any other cause in said court; that at that time he did not even know that any process would be issued for her as a witness in said cause; that said Juliet L. Haskett is his daughter, and she had, before the time he accompanied her to said McMurtry's, informed him that she did not desire to prosecute said cause against said Cardwell, and that he honestly believed, at the time said Juliet was removed to said McMurtry's, that she had a legal right to abandon said prosecution, and he, in good faith, believed that he had a legal right to remove her to said McMurtry's residence or any other place, without being in contempt of court, or doing any other wrong, inasmuch as he had no knowledge or information of any character whatever that any subpœna or any other process had been issued from this court for said Juliet to testify in said cause or any cause, nor did he ever aid, assist or advise any one else to remove said Juliet from this county."

Upon this answer, the appellant moved the court to discharge him from the attachment, but this motion also was overruled.

Thereupon, the prosecuting attorney demurred to the answer, and the demurrer was sustained. The appellant refusing to answer further, the court directed that a plea of not guilty be entered for him, and, over his objection, heard the evidence in support of the charge contained in the affidavit. The ground of the defendant's objection to the introduction of the evidence was, that the affidavit filed by the prosecutor and the answer thereto filed by the defendant, purging himself of the contempt, were all the proceedings allowed in such cases.

Having heard the evidence, the court assessed a fine of one

hundred dollars against the appellant, and rendered judgment therefor, and that he stand committed, etc.

Errors are assigned calling in question the correctness of these rulings.

It is probable that the court would be held to have the power to punish contempts without any legislation on the subject. But it is enacted by the legislature, with reference to the circuit courts, that they shall have full authority to punish, by fine and imprisonment, or either, all contempts of their authority and process in any matter before them, or by which the proceedings of the court or the due course of justice is interrupted. 2 G. & H. 8, sec. 13.

A summons for a witness is a process of the court. The affidavit in this case, on which the attachment was awarded, shows that an indictment had been found and was pending in the court, on which the name of the daughter of the appellant was indorsed as a witness; that a summons had been issued and was in the hands of the sheriff, to be served on her, requiring her attendance as a witness in the case at the approaching term of the court; that the appellant knew these facts; that, to prevent the service of the summons upon her, he removed her to a remote part of the county, away from her ordinary place of residence; and that by his advice and direction she thus, for a time, avoided the service of the summons. We are of opinion that the affidavit shows that the appellant was guilty of a contempt of the process of the court. Whittem v. The State, 36 Ind. 196; 3 Whart. Cr. Law, sec. 3427. We think, therefore, that the court committed no error in overruling the motion to quash the attachment.

The next question is as to the refusal to discharge the appellant on the filing of his affidavit, and holding that he had not thereby purged himself of the alleged contempt.

It has been held in several cases in this court, that if the defendant in such case deny under oath the facts constituting the alleged contempt, he should be discharged, leaving him,

if he has sworn falsely, to be prosecuted for the perjury. *Burke* v. *The State*, 47 Ind. 528, and cases cited.

The substance of the affidavit of the defendant is, that he did not know, when he removed his daughter, that any summons for her appearance at court had been or would be issued; that his daughter had informed him that she did not desire to prosecute the cause against Cardwell; that he honestly believed she had a right to abandon the prosecution; and that he had a legal right to remove her as he did, without being in contempt or doing any other wrong. He does not deny that he knew that the indictment had been found and was pending, with her name thereon as a witness, nor does he deny that the summons had been issued.

He can receive no credit for his belief that his daughter had a right to abandon the prosecution.

If the prosecution had been used as a means of compelling the defendant therein to pay his daughter money until she was satisfied to abandon it, this did not satisfy the demands of criminal justice, and this he must be presumed to have known. If he was excusable, it was only on the ground that he did not know that any summons had been issued for his daughter as a witness in the case, when he removed her from her home.

We believe it is the policy of the law not to extend the proceeding for constructive contempt to cases not coming within the established rules, and we are therefore the more willing to hold that the answer of the appellant was sufficient to purge him of the alleged contempt.

We conclude that the court should have discharged the appellant from the attachment, upon the showing made by him.

We may remark, in conclusion, that it was probably wrong for the court, after adjudging the appellant's answer insufficient, and he had declined to answer further, to make an issue for him and proceed to try the same. If the answer did not purge the alleged contempt, there was probably nothing to be done but to assess such punishment as the cir-

cumstances of the case made proper. Whether the defendant does or does not purge himself of the alleged contempt, there should not, probably, be any trial.

The judgment is reversed, and the cause remanded, with instructions to discharge the defendant from the attachment.