## WILSON *v*. THE STATE.

CONTEMPT.— *Witness.—Refusal to Obey Process.*—An attachment for contempt of court may be issued against a witness, based solely upon the sheriff's return on a subpœna for such witness, showing the latter to have wilfully refused to permit such subpœna to be served upon him, and his refusal, with knowledge of its nature, to obey the same.

SAME.—*Practice.—Answer.—Evidence.*—Where, in such case, a witness so attached for contempt of court answers by his affidavit, denying the truth of the matter alleged against him, and setting up a state of facts consistent with his innocence, and that he intended no contempt or interference with the process of the court, he should be discharged; and it is error in the court to proceed to hear evidence as to the truth of the charge and the falsity of the answer.

From the Hancock Circuit Court.

*C. G. Offutt,* and *W. H. Martin,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

NIBLACK, J.—On the 29th day of March, 1877, which was during a regular term of the court below, a summons was issued for the appellant, requiring him to appear, and testify as a witness, before the grand jury of Hancock County, which was then in session, and was delivered to an acting deputy-sheriff of said county, who, in the name of the proper sheriff, returned the summons endorsed, " Served by telling defendant that I had a subpœna for him for to-day, and defendant run, and kept out of my reach, so that I could not read to him."

Upon the return of the summons, an attachment was issued against the appellant for an alleged contempt of court, in disobeying its process, and he was arrested and brought into court on the attachment.

When the attachment was returned, the appellant moved the court to quash the writ, and to discharge him from custody, because no affidavit had been filed against him, alleging any contempt of court on which to base an attachment.

That motion was overruled, to which the appellant excepted. The appellant then, for the purpose of purging himself of the contempt with which he was charged, filed a statement in writing, under oath, giving a different version of what occurred when the officer attempted to serve the summons on him, and, in substance and in legal effect, denying the charge against him, contained in the sheriff's return to the summons, and particularly any intention of disobeying the process of the court.

After the appellant had thus answered in writing, the court, over his objection, compelled him to answer orally numerous questions propounded by the court, concerning such alleged contempt, to which the appellant also excepted, and, after so examining him orally, the court adjudged him guilty of the contempt charged against him, and assessed a fine against him of twenty dollars, for which a judgment was rendered, with costs of suit.

The action of the court below, in overruling the motion to quash the attachment and to discharge the appellant, is assigned for error here.

This being a proceeding to punish the appellant for a constructive contempt, and being in the nature of a criminal proceeding, the case of *Whittem* v. *The State*, 36 Ind. 196, is relied on as authority that an affidavit ought to have been filed against the appellant before the attachment was issued.

It was said in that case, that " The proceeding against a party for a constructive contempt must be commenced by

either a rule to show cause, or by an attachment, and such
rule should not be made or attachment issued, unless
upon affidavit specifically making the charge."

We think the rule thus laid down is the correct one, as
applied to the class of constructive contempts to which
that case belonged; but this court, in commenting on that
case, in a subsequent opinion, said, that the "ruling in
that case in no manner changes the rules of law and
practice as to attaching witnesses for a failure to obey the
process of the court." Cutler v. The State, 42 Ind. 246.

The return of the sheriff in this case supplied the place
of an affidavit, and, we think, laid a sufficient foundation
for either a rule or an attachment.

The action of the court in requiring the appellant to
answer questions orally, after he had answered in writing,
under oath, is also assigned for error in this court.

The practice in this State has not been strictly uniform
in the method of proceeding against the party charged
upon the return of an attachment, for a contempt of
court.

Our courts, in some instances, have followed the old
chancery practice, by hearing evidence in support, as well
as in denial, of the defendant's answer, and then deciding
the case on the defendant's answer, in connection with
such other evidence. In other cases, it has been held,
that the court must decide the case on the defendant's
answer to the attachment, when he has fully answered all
the charges against him. The State v. Earl, 41 Ind. 464.

In the case of Burke v. The State, 47 Ind. 528, the rule
governing proceedings in such cases was fully considered.
It was, in substance, decided in that case, that where
a person charged with a constructive contempt, in procur-
ing a witness to absent himself, appears, and, in answer to
a rule, makes a statement under oath, that the matters in
the affidavit against him are not true, and sets up a state
of facts consistent with his innocence, and that there was
no intention on his part to interfere with the process of

the court, he should be discharged; and it is error for the court to proceed to hear evidence of the truth of the original affidavit and the falsity of the answer.

The rule thus laid down is well sustained by authority, and is, in our opinion, applicable to the case at bar.

Upon the authority of that case, the judgment below will have to be reversed.

The judgment is reversed, and the cause remanded, for further proceedings, in accordance with this opinion.