## SNYDER ET AL. *v.* THE STATE.

[No. 18,734. Filed December 14, 1898.]

151    553
f170    639

CONTEMPT.—*Direct Contempt.*—A direct contempt of court is an act committed in the presence of the court, or so near to it as to interrupt or disturb the proceedings thereof; the use of disrespectful language to the judge in a room adjoining the court room at a time when court was not in session, does not amount to a direct contempt of court. *pp. 554, 555.*

SAME.—*Indirect Contempt.—Practice.*—A statement made and filed by the judge to the effect that certain disrespectful language was addressed to him by a meeting of attorneys in a room adjoining the court room, at a time when court was not in session will not suffice as a pleading to institute proceedings for indirect contempt of court. *pp. 554, 555.*

From the Benton Circuit Court. *Reversed.*

*Charles M. Snyder* and *Daniel Fraser*, for appellants.

HOWARD, J.—This was a proceeding for contempt of court, growing out of the facts and proceedings in the case of *Saunderson* v. *State, ante,* 550. The proceedings in the case at bar were based upon a statement made and filed in the Benton Circuit Court by the judge of that court. From this statement it appears that on April 29, 1898, during a court day, the judge left the court for a short time to visit a sick friend, and while so absent was informed by the court bailiff that the attorneys wanted him at the court house; that thereupon he returned, "and, finding no one in the court room proper, was told by the bailiff that the attorneys were in the room adjoining, generally used for the consultation of attorneys, and, in case a special judge is trying a cause in the court room, is also used to try causes before the regular judge, and in hearing reports and probate matters." The statement further shows that in this room the judge, on entering, found the appellants and six others who had participated in the preparation of certain resolutions adopted in vacation of court, February 19, 1898, being the same resolutions referred to in the case of *Saunderson* v. *State, supra.* With the purpose to restore good feeling between the judge and the attorneys, and prevent further publication of said resolutions, the judge had theretofore presented to said attorneys a statement which he asked them to sign and make a part of the records of the court. When the judge entered the room on this occasion, as so invited through the bailiff, he found the attorneys talking over his written proposal, "and, instead of assenting thereto, it was asserted, in an angry and contentious manner, by some of said eight persons, and not rebuked by the others, that the resolutions were right, that they spoke the truth, that the publication" was right, etc., using, also, certain

disrespectful language to the judge; that "the bailiff was not present, and the court merely said to them, 'You are wrong and unfair to the judge, and the court offered to retire, but was requested to remain and hear the matter." The statement further shows that the meeting was organized and presided over by one of the attorneys as chairman. It seems very clear that, although court was technically in session at the time of the refusal of the attorneys to sign the apology prepared by the judge, yet the action of the attorneys, whether blamable or otherwise, was not a direct contempt. The statement of the judge shows that the attorneys were not "in the court room proper," but in a room adjoining, used generally for consultation, though sometimes also for court. On the occasion in question the room was certainly not used for court, but for a meeting of attorneys; and to this meeting the judge was invited, and he attended. He did not even preside there, however, for his statement shows that an attorney was chairman. A direct contempt is an act committed in the presence of the court, or so near to it as to interrupt or disturb the proceedings thereof. *Whittem* v. *State*, 36 Ind. 196; *Ex parte Wright*, 65 Ind. 504; *Holman* v. *State*, 105 Ind. 513. The judge in this case was not sitting in court, nor was there any court then holding in any room in the court house. Neither will the statement suffice as a pleading to institute proceedings for indirect contempt. For this purpose, as shown in *Saunderson* v. *State*, *supra*, it is necessary that the facts be brought to the knowledge of the court by an information duly verified by oath, and that a rule to show cause, distinctly setting forth such facts, be served upon the persons charged with such contempt. The motions to quash were improperly overruled. The

judgment is reversed, with instructions to sustain the motion of each appellant to quash the statement charging contempt of court.