## HINER *v.* STATE.

[No. 25,698. Filed July 29, 1932.]

*Ira M. Holmes,* for appellant.

*James M. Ogden,* Attorney-General, and *E. Burke Walker,* Deputy Attorney-General, for the State.

TREANOR, J.—The following is an accurate statement by the appellant of the nature of the action involved in this appeal:

"This action was a prosecution brought by appellee against the appellant by information subscribed and sworn to by William H. Remy, Prosecuting Attorney of Marion County, on the 17th day of October, 1928, before William Kaiser, chief clerk of the Criminal Court of Marion County, and filed in the Criminal Court of Marion County, Indiana.

"Said information charged that appellant was guilty of indirect contempt of said court in procuring one Charles Unger to testify falsely in cause number 63186 in the Criminal Court of Marion County. The court examined said verified information, issued a citation and ordered appellant brought into criminal court on October 19, 1928. Appellant filed a motion to discharge rule to show cause, which said motion was overruled.

"Appellant filed a verified answer to rule to show cause; the court examined same and found said answer insufficient to purge appellant of contempt. The court found appellant guilty of indirect contempt of court, and from said judgment of the criminal court appellant prosecutes this appeal." (Appellant's brief, pp. 1-3.)

The appellant's assignment of error is as follows:

1. The court erred in overruling the appellant's motion for a new trial.
2. The court erred in overruling appellant's motion to discharge rule to show cause.
3. The court erred in finding appellant's verified answer insufficient to purge appellant of indirect contempt of court.
4. The court erred in entering judgment against appellant for indirect contempt of court.

The merit of appellant's case on appeal depends entirely upon whether the trial court erred in overruling the motion to discharge the rule to show cause and in

finding that appellant's verified answer was insufficient to purge appellant of indirect contempt.

In support of his contention that the trial court erred in overruling the motion to discharge the rule to show cause the defendant points out, and the record discloses, that the trial court examined the verified information and ordered "said Byron Hiner to be brought into the Marion Criminal Court on the 19th day of October, A. D. 1928, at 9 o'clock A. M., then and there to show cause why he should not be punished for indirect contempt of said court"; whereas, so appellant contends, both under the decisions of this court and §8 of the Contempt Act (§1083 Burns Ann. Ind. St. 1926, Acts 1879, ch. XXXV, p. 112), the defendant was entitled, before answering the information, to have served upon him a rule of the court which should clearly set forth the facts which were alleged to constitute the contempt. We think the appellant's contention is correct and that the court erred in overruling the motion to discharge the rule to show cause. In *Stewart* v. *State* (1894), 140 Ind. 7, 13-14, 39 N. E. 508, the court entered the following rule against the defendant to show cause why he should not be punished for contempt:

"The court now orders that the said James Stewart be ordered to show cause why he should not be punished for contempt of court, and is ordered to appear on the 28th day of September, 1894."

In discussing this rule the court made the following statement:

"This is not a compliance with the statute already quoted providing that: 'In all cases of indirect contempt, the person charged therewith shall be entitled, before answering thereto or being punished therefor, to have served upon him a rule of the court against which the alleged contempt may be committed; which said rule shall clearly and distinctly set forth the facts which are alleged to constitute such contempt, and shall specify the time and

place of such facts with such reasonable certainty as to inform the defendant of the nature and circumstances of the charge against him.' Under such a rule as that entered in this case against the appellant, he could not be required to answer nor could he be punished. No facts at all were stated in the rule."

See, also, *Worland* v. *State* (1882), 82 Ind. 49, 57. This court has repeatedly recognized as valid the provisions of the Contempt Act of 1879, *supra,* regulating procedure in indirect contempt trials; *Stewart* v. *State, supra; Fishback* v. *State* (1891), 131 Ind. 304, 30 N. E. 1088; *Worland* v. *State, supra; Snyder et al.* v. *State* (1898), 151 Ind. 553, 52 N. E. 152, although it has consistently held that the legislature "can not by any regulation abridge or fetter the inherent power itself". *Hawkins* v. *State* (1890), 125 Ind. 570, 573, 25 N. E. 818. See, also, *Little* v. *State* (1883), 90 Ind. 338, 341, i. e. the "inherent power" to punish for contempt.

We also agree with appellant's contention that the verified answer of appellant was sufficient to require the court to acquit and discharge him. Section 9 of the Contempt Act of 1879 (§1084 Burns, *supra*) expressly provides that a defendant who is charged with indirect contempt must be acquitted and discharged if he shall answer to the facts set forth in the rule by denying them. Prior to the enactment of the Contempt Act of 1879 this court, in *State* v. *Earl* (1872), 41 Ind. 464, 465, stated that "in all cases of proceedings for alleged constructive contempts, . . . if the party charged fully answers all the charges against him, he shall be discharged, as to the attachment, and that the court cannot, after that, hear evidence to impeach or contradict him".

"It has been held in several cases in this court, that if the defendant in such case deny under oath the facts constituting the alleged contempt, he

should be discharged, leaving him, if he has sworn falsely, to be prosecuted for the perjury." *Haskett* v. *State* (1875), 51 Ind. 176, 179. See discussion in *Burke* v. *State* (1874), 47 Ind. 528, at pp. 530-532.

In the instant case the defendant in his verified answer denied categorically each of the facts alleged in the information which were relied upon as constituting a contempt of court. The defendant also declared in his answer that he had the highest respect for the authority of the court and had "never attempted to, nor had any thought of, interfering with the process or orderly proceedings of this (Marion Criminal) court".

We conclude that the answer of the defendant was sufficient to purge him of the charge of contempt and that the court erred in finding that the answer was insufficient. Since we hold that the rule to show cause was legally insufficient and that appellant's motion to discharge the rule (which is in effect a motion to quash) should have been granted, the judgment is reversed and cause remanded with directions to the trial court to sustain appellant's motion to discharge the rule to show cause, and for further proceedings not inconsistent with this opinion.