NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY
v. MEEK ET AL.

[No. 26,414. Filed May 1, 1936. Rehearing denied
June 30, 1936.]

*Harker & Irwin* and *W. J. Stevenson,* for appellant.

*Noel, Hickam, Boyd & Armstrong,* for appellees.

TREANOR, J.—This is an appeal by the plaintiff from a judgment rendered upon a finding that the defendant was guilty of civil contempt for having violated an injunction decree and judgment theretofore rendered against her and that by such violation plaintiff had suffered nominal damages of $1.00, in which amount defendant was fined for the benefit of plaintiff.

The only error properly assigned is that the trial court erred in overruling appellant's motion for new trial. The statutory grounds for new trial urged in such motion and relied upon under "Propositions and Authorities" of appellant's briefs are as follows:

(1) The decision of the court is not sustained by sufficient evidence.

(2) The decision of the court is contrary to law.

(3) The court erred in the assessment of the amount of recovery, said assessment being too small.

Appellee says that the Supreme Court has no jurisdiction of this appeal and that it should be transferred to the Appellate Court, contending that a civil contempt proceeding does not belong to the class of cases designated by statute as "prosecutions for contempt of the lower courts," a class of appealable cases which "shall be taken directly to the Supreme Court."[1] It is appellee's contention that since this was a civil proceeding maintained by the injunction plaintiff, and not prosecuted by the state, it is not a "prosecution for contempt" within the meaning of §4-214, cl. 9, Burns' Ind. St. Ann. 1933 (§1356, Baldwin's 1934).

The Constitution of Indiana provides that "the judicial power of the State shall be vested in a Supreme Court, in circuit courts and such other courts as the General Assembly may establish"[2] and that "the Supreme Court shall have jurisdiction, co-extensive with the limits of the State in appeals and writs of error, under such regulations and restrictions as may be prescribed by law."[3] The General Assembly has provided that all appeals in fourteen classes of "appealable cases . . . shall be taken directly to the Supreme Court"; the second and ninth classes consisting of "all criminal prosecutions" and "prosecutions for contempt of the lower courts," respectively, and that "all appealable cases other than those herein mentioned shall be taken to the Appellate Court."[4] This court has assumed juris-

---

1. §4-214, Burns, etc., 1933; §1356, Baldwin's 1934; Acts 1901, ch. 247, §9, p. 565; Acts 1907, ch. 148, §1, p. 237; Acts 1915, ch. 76, §1, p. 149; Acts 1925, ch. 201, §1, p. 487.
2. Art. VII, §1, Constitution of Indiana.
3. Art. VII, §4, Constitution of Indiana.
4. §4-214, Burns, etc., 1933, §1356, Baldwin's 1934.

diction of appeals from judgments rendered in civil as well as criminal contempt proceedings.[5] By both legislative and judicial usage the term "prosecution" is applicable to either criminal or civil actions; and usage also justifies, though less accurately, the use of "contempt of court" to designate the violation of a court order which has been made for the benefit of a litigant in a civil action when the violation results in legal injury to the litigant. We hold that the class of cases designated by "prosecutions for contempt of the lower courts" includes actions to enforce claims for civil damages resulting from disobedience of orders of lower courts.

On April 28, 1930, appellant secured the injunction decree, the violation of which afforded the basis of this prosecution for contempt. By the terms of the decree appellee was "permanently enjoined from in any manner assisting, aiding, participating or engaging, directly or indirectly, in the prosecution, conduct, or trial of a case heretofore filed in the Circuit Court of the City of St. Louis, State of Missouri, wherein Lena C. Meek, administratrix of the estate of James C. Meek, deceased, is plaintiff, and the New York, Chicago & St. Louis Railroad Company is defendant, and in any action or suit in any court in the State of Missouri, brought by or for the benefit of said Lena C. Meek, individually, or as such administratrix, against said The New York, Chicago & St. Louis Railroad Company for damages by reason of the death of James C. Meek, deceased, or in any other action of any kind whatever to recover damages by reason of the death of said decedent." Appellee does not dispute that she did aid and participate in the trial of the cause in the Missouri court in violation of the injunction of the Clinton Circuit Court. In the

---

5. *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313; *Hiner* v. *State* (1932), 204 Ind. 7, 182 N. E. 245; *Moore* v. *Polk Sanitary Milk Co.* (1936), 209 Ind. 558, 200 N. E. 228.

instant proceedings the Clinton Circuit Court found for the appellant that the defendant (appellee here) had violated "the injunction decree heretofore entered in this cause" and that the plaintiff (appellant here) had suffered "nominal damages by reason thereof, in the sum of $1.00 and that she pay and satisfy the costs herein taxed" and that "said fine inure to the plaintiff herein."

The substance of appellant's contention on appeal is that the trial court erred in failing to "require appellee to pay a substantial fine or to give bond to protect appellant from damage by being required to pay the St. Louis judgment."

The appeal turns upon the measure of damages; and to decide this we must determine what right of appellant was violated by the appellee.

Under the order of injunction the appellant had a right, as against appellee, that the latter not aid, or participate in, any suit in any court of Missouri brought by, or for the benefit of, appellee individually or as administratrix.

Apart from the order of injunction the appellee had a legal right to prosecute her action against the appellant in any proper court in Missouri for the purpose of recovering whatever damages the facts and the law applicable thereto warranted. No court in Indiana could destroy that right. But the Clinton Circuit Court by virtue of its equity jurisdiction did have the power to restrain appellee's exercise of her right to sue in Missouri, upon a showing that the exercise of this right would subject the defendant to hardship, inconvenience and expense so much greater than the hardship, inconvenience and expense of a trial in Indiana that it would be unconscionable for appellee to exercise her right to sue in Missouri. (*Kern* v. *Cleveland C. C. & St. L. R.*

*Co.* [1933], 204 Ind. 595, 185 N. E. 446. See also Annotation 85 A. L. R., p. 1351.)

When the information was filed against appellee in the Clinton Circuit Court appellee in fact had prosecuted her suit to judgment in the Circuit Court of the city of St. Louis, Missouri. We cannot assume that any legal injury was suffered by appellant by reason of the recovery of a judgment by appellee in the Missouri court.

The legal wrong of appellee consisted of compelling appellant to be subjected to a trial in Missouri in violation of the injunction. But the amount of the judgment is no part of appellant's legal damages since we must assume that appellee recovered that to which she was legally entitled.

Appellant was entitled to recover damages in the form of compensation for any increase in expenses in defending the suit occasioned by being compelled to defend in Missouri instead of Indiana. We cannot take into consideration any claim by appellant that it suffered any legal injury by reason of the fact that the law of Missouri, either adjective or substantive, differs from that of Indiana.

We hold that the proper measure of damages to be applied in this suit is the money loss suffered by appellant by reason of being compelled to defend the case in Missouri instead of in Indiana.

Appellant did not introduce or offer to introduce any evidence for the purpose of showing the actual money damage suffered by appellant by reason of being compelled to defend in Missouri. In the absence of any evidence on that point it was proper for the trial court to fix the damages at the nominal sum of $1.00.

The judgment of the Clinton Circuit Court is affirmed.