MILLER *v.* MILLER ET AL.

[No. 20,235. Filed June 14, 1965. Rehearing denied July 15, 1965. Petition to transfer dismissed and cause remanded to Appellate Court April 4, 1967.]

*Sevald & Sevald,* of Hammond, and *W. Henry Walker,* of East Chicago, for appellant.

*Louis C. Holland,* of Gary, for appellees.

BIERLY, C. J.—Appellant, Levy Miller, filed in this court, on May 12, 1965, the following verified petition, which, omitting formal parts, is in the following words and figures, to-wit:

"To the Appellate Court of Indiana;

"Appellant, LEVY MILLER, respectfully shows to the Court:

"1. That in the trial Court, two actions were merged: an action to review judgment of paternity of child born out of wedlock and order for its support, a subject matter within exclusive jurisdiction of the Juvenile Court, Lake County, Indiana, with a divorce action in which said judgment and order was entered, pursuant to express order of Newton Circuit Court, as follows:

" 'Come now the parties by counsel. Argument had and concluded on motion to modify. Motion overruled. Parties given ten days in which to plead further the matter of jurisdicion.' (R.p. 108 lines 25-28).

"2. To the complaint to review said judgment questioning said jurisdiction of the Newton Circuit Court, appellee Dorothy Miller addressed a demurrer, which the Court sustained. (R.p. 138 lines 9-12) and from that ruling of the court, upon rendition of final judgment, appellant duly and timely perfected his appeal to this Court and same is docketed under Cause No. 20325 and the Court has full and complete jurisdiction in said cause.

"3. That since perfection of said appeal in said cause, contempt proceedings were had therein, allowances of at-

torney's fees were made therein, orders and judgments were entered and rendered therein, body attachments were issued for appellant and he was incarcerated and kept in jail without bail and without commitment from April 10th to April 16th, 1965 and that he has been since May 3, 1965 committed to Newton County jail for 60 days, for failure and refusal to comply with said questioned orders, as aforesaid, of said Newton Circuit Court. (R. pp. 11-16).

"4. That all of said proceedings, orders, allowances and judgments entered and rendered therein, involve not only a common question of law and facts, covered by the transcript of record in Cause No. 20325, but that they are the same, for they arise out of the same cause of action, including all pleadings and rulings of the Court thereon, all evidence given consisting of two bill of exceptions to and including the time of perfection of said first appeal, with appellant's brief covering the subject matters complained of in the Assignment of Errors.

"5. That the first appeal had to be perfected, because appellant's time to do so was up, while the remaining proceedings involving the same subject matter, were in fieri, were not concluded or ripened for appeal.

"6. Appellant now brings the remaining entire transcript of record of all proceedings had, as aforesaid, with separate Assignment of Errors presenting the impropriety and errors in said proceedings, allowances, orders and judgments made and entered in said first appealed cause, since the perfection of said first appeal and prays:

"1) That this appellant's second appeal be consolidated with the first appeal which is docketed as Cause No. 20325 of this Court.

"2) That the entire transcript of record on the first appeal, be considered a part of the second appeal and that the same be permitted to be omitted from the second transcript of record and that all subject matters covered by appellant's brief on file in the first appeal, may be omitted in appellant's second brief.

"3) That should this honorable Court find that duplication of record is necessary and consolidation is improper in this appeal, that time for perfection of second appeal be extended to enable appellant to secure the entire record, again.

"4) That appellant's Commitment be stayed pending this appeal and for all other just and proper relief.

(Sgd.) D. P. SEVALD
(Sgd.) W. HENRY WALKER
Attorneys for Appellant."

The transcript and assignment of errors in Cause No. 20325 was submitted in this court on the 11th day of January, 1965. Appellant filed his brief on the 10th day of March, 1965, and on May 5, 1965, this court granted appellees' petition for extension of time within which to file their answer brief to and including June 10, 1965.

We note that in rhetorical paragraph three of the above quoted petition, petitioner-appellant alleges that since the submission of Cause No. 20325, contempt proceedings were had in the trial court in the same cause. Also,

"allowances of attorney's fees were made therein, orders and judgments were entered and rendered therein, body attachments were issued for appellant and he was incarcerated and kept in jail without bail and without commitment from April 10th to April 16th, 1965 and that he has been since May 3, 1965 committed to Newton County jail for 60 days, for failure and refusal to comply with said questioned orders, as aforesaid, of said Newton Circuit Court. (R.pp. 11-16)."

Appellant in his prayer herein asks authority of this court to consolidate his contemplated appeal from the rulings of the trial court in the same cause, subsequent to the date of January 11, 1965, with Cause No. 20325 now in this court, and that appellant's commitment be stayed pending this appeal.

Acts 1963, ch. 279, § 1, p. 424, being § 4-214, Burns' 1964 Cum. Supp., provides in pertinent parts:

"Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court of Indiana, as follows:
"* * *.

"Ninth. Prosecutions for contempt to the lower courts."

We quote from *N.Y.C. & St. L. R.R. Co.* v. *Meek* (1936), 210 Ind. 322, 1 N. E. 2d 611, as follows:

"* * * The General Assembly has provided that all appeals in fourteen classes of 'appealable cases . . . shall be taken directly to the Supreme Court'; the second and ninth classes consisting of 'all criminal prosecutions' and 'prosecutions for contempt of the lower courts,' respectively, and that 'all appealable cases other than those herein mentioned shall be taken to the Appellate Court.' This court has assumed jurisdiction of appeals from judgments rendered in civil as well as criminal contempt proceedings. By both legislative and judicial usage the term 'prosecution' is applicable to either criminal or civil actions; and usage also justifies, though less accurately, the use of 'contempt of court' to designate the violation of a court order which has been made for the benefit of a litigant in a civil action when the violation results in legal injury to the litigant. We hold that the class of cases designated by 'prosecutions for contempt of the lower courts' includes actions to enforce claims for civil damages resulting from disobedience of orders of lower courts."

It thus follows that since the contempt proceedings are involved in the second projected appeal looking to its submission in this court, we are of the opinion that, in ■ compliance with § 4-214, Burns', *supra,* and the case of *N.Y.C. & S. L. R. R. Co.* v. *Meek, supra,* this court is without jurisdiction to entertain said contemplated appeal.

The petition of appellant to consolidate Cause No. 20325 in this court with the second proposed appeal emanating from the same cause in the Newton Circuit Court, is hereby denied.

Petition denied.

Prime, P. J., Carson, Faulconer, Hunter, Martin, Mote, Smith, JJ., concur.

## ON PETITION FOR REHEARING.

BIERLY, C. J.—On June 14, 1965, this court denied appellant's petition to consolidate a proposed appeal emanating in the same cause in the Newton Circuit Court, subsequent to

the submission, on June 11, 1965, of the transcript and assignment of errors in this cause numbered 20325. Appellant submitted his brief in said cause on March 10, 1965, and appellees' answer brief is due to be filed on or before July 10, 1965, in said cause. This court denied appellant's petition to consolidate his proposed appeal and the appeal submitted in Cause No. 20325, primarily on the grounds that the proposed appeal involved contempt proceedings, the jurisdiction of which, we are of the opinion, rests in the Supreme Court and hence this court lacks jurisdiction to entertain the same.

In our opinion we cited the case of *N.Y.C. & St. L. R.R. Co.* v. *Meek* (1936), 210 Ind. 322, 1 N. E. 2d 611.

Appellant, on June 30, 1965, filed his verified petition for a rehearing and as the chief ground in support thereof stated:

> "1. Because the basis for said decision, namely, class *NINTH* has been *amended* since said decision was rendered and consequently the Supreme Court did not and could not in 1936 apply 1963 Acts, class Ninth of which now provides:
> " 'Ninth. Prosecutions for contempt *to* the lower courts.' which contempts toward the lower courts are criminal, only, while civil contempts are toward the party and not the court and of which civil contempts, Section 4-214 Burns' Ind. Statutes, 1964 Cum. Supp. *as amended,* vests jurisdiction in the Appellate Court, by provision therein reading:
> " 'All appealable cases, other than those herein mentioned, *shall* be taken to the Appellate Court.' ".

Appellant in his petition for rehearing and in his brief thereon placed great emphasis on the construction placed on the use of the word "to" in the Ninth class of Burns', § 4-214, which he assumed was *amended* in 1963. He argued that "to" means toward the lower courts and can only apply to criminal contempt.

Section 4-214, Burns' Statutes, as amended in Acts of 1925, ch. 201, § 1, p. 487, provides in pertinent part as follows: "Ninth. Prosecution for contempt *of* the lower courts" [rests in the Supreme Court.]

The *Meek* case, *supra,* was decided under the 1925 Acts as aforesaid.

On denying appellant's original petition for consolidation, we cited § 4-214 of Burns', 1964 Cum. Supp., which provides, in part: "Ninth. Prosecution for contempt to the lower court" rests in the Supreme Court. Thus it appears that the "Ninth" class of § 4-214 has been amended by substituting the word "to " for "of" as given in the 1925 Acts, ch. 201, § 1, p. 487.

In citing this §4-214, in Burns' 1964 Cum. Supp., we assumed that Burns' correctly quoted the official Acts of Indiana for the year 1963 as regards said class "Ninth." However, upon investigation, we find that this "Ninth" class, in truth and in fact, was not amended by the Acts of 1963. Said "Ninth" class, as given in Acts of 1963, ch. 279, § 1, p. 425, reads as follows: "Prosecutions for contempt of the lower courts."

Appellant has failed to cite, and we do not find, any cases which would indicate a deviation from the rule enunciated in the *Meeks* case, *supra.* Thus it appears that the "Ninth" class of the Acts of 1963, ch. 279, § 1, p. 425, and incorrectly quoted in § 4-214, Burns' 1964 Cum. Supp., applies to appeals from civil as well as from criminal contempt.

We do not decide any question raised by appellant to the effect that some matters embraced in his contemplated appeal rest in the Appellate Court. All matters set forth therein are interwoven and commingled with the contempt proceedings, thereby rendering separation thereof impracticable and unrealistic.

Petition for rehearing denied.

NOTE.—Reported in 207 N. E. 2d 644. Rehearing denied reported in 209 N. E. 2d 60.