## CUTLER *v.* THE STATE.

PRACTICE.—*Affidavit for Continuance.—Illness of Witness.—Attachment.—* Where, in a criminal action, an affidavit for a continuance shows that witnesses, who have been duly summoned, are prevented from attending court by sickness, it is proper to refuse to issue an attachment for them.  The fact of the illness of the witnesses may be proved by the affidavit of the defendant or of any one else having knowledge of the matter.

SAME.—*Truth of Facts Stated.—Appeal.—*Where the defendant in a criminal action, moving for a continuance on account of the absence of witnesses, shows the competency of the witnesses, the materiality of their testimony, that they have been duly and legally summoned, and the other facts specially required by the statute, he is entitled to a continuance without regard to the cause of their absence.  The court must decide the motion for a continuance upon the facts stated in the affidavit alone, accepting the same as true; and on appeal this court will not look at the evidence given on the trial, but to the affidavit alone.

APPEAL from the Newton Circuit Court.

BUSKIRK, J.—The appellant was indicted in the White Circuit Court, for the larceny of a heifer, which was alleged to be the personal property of Amos Lucy. The venue was changed to the Newton Circuit Court, where the cause was tried by a jury and resulted in a verdict of guilty. The court overruled a motion for a new trial, and rendered judgment on the verdict.

The appellant has assigned for error the overruling of his motion for a new trial.

The first reason assigned for a new trial was the refusal of the court to continue the cause upon the application of appellant supported by his affidavits. The motion and affidavits are properly in the record by a bill of exceptions. The first affidavit was filed on the 5th day of June, 1873, and a continuance was asked on account of the absence of Daniel Hickman, Lorin Cutler, and Elizabeth Cutler, by whom appellant proposed to prove that the heifer in controversy never was the property of Amos Lucy; that said heifer had been calved the property of one George Cutler, who had sold the same to Lorin Cutler, who had sold the same to appellant a short time before he had sold her to Martin Witz. It was further shown by the affidavit and return of the sheriff, that such absent witnesses had been duly and legally summoned. It was further shown by the affidavit that such witnesses were prevented from attending court by sickness. All the statutory requirements were complied with. The court refused to continue the cause, but postponed the trial thereof until the 10th day of said month.

On the 10th day of the month the appellant filed another affidavit, in which it was shown that Daniel Hickman had so far recovered as to be present in court, but that Lorin and Elizabeth Cutler were still unable to attend, by reason of their continued sickness; that although a part of the facts stated in the affidavit of June 5th are known to the witness Daniel Hickman, the said witnesses, Lorin Cutler and Elizabeth Cutler, are fully acquainted with all the facts respecting

the ownership of said heifer, and will, if their attendance can be procured, testify to the pedigree, description, and ownership of said heifer, as stated in his previous affidavit. All the averments required by the statute were contained in this affidavit. The court overruled the motion, refused to continue the cause, and required the appellant to go to trial, in the absence of such witnesses.

After the cause was postponed on the 5th day of June, the appellant asked the court to order attachments for such absent witnesses, which the court refused to do; and this ruling is complained of by appellant. We have been furnished with a brief by the prosecuting attorney of the circuit where the case was tried, in which it is insisted that the court properly refused to order an attachment, because no affidavit was filed making specific charges against such witnesses, as for contempt; and we are referred to *Whittem* v. *The State*, 36 Ind. 196, as supporting such position. No such question was involved or decided in that case. In that case the court ordered an attachment against Whittem, who was a defendant in an action for seduction, for the forcible abduction of the female infant plaintiff, and who had been subpœnaed as a witness. We held that the proceeding against Whittem was for a constructive criminal contempt, and that the court had no right to order an attachment without an affidavit specifically setting forth the facts showing the contempt. Our ruling in that case in no manner changes the rules of law and practice as to attaching witnesses for a failure to obey the process of the court. The ruling of the court below, in the present case, in refusing to order an attachment, was clearly right, for the reason that the affidavit of appellant showed that they were prevented from attending by severe sickness.

It is insisted by counsel for appellee, that the court correctly refused a continuance of the cause, because the appellant did not file the affidavit of some respectable physician, showing the nature and extent of the sickness of the witnesses for whose absence the continuance was asked.

The position is wholly untenable. If it was necessary to show that the witnesses were prevented from attending court by reason of sickness, the fact might be shown by the affidavit of the appellant or any other person who knew the fact. We know of no principle of law or rule of practice which requires the affidavit of a physician to show the sickness of a witness.

But the right of the appellant to a continuance did not in any respect depend upon the question of whether the absent witnesses were prevented from attending court by reason of sickness. When the appellant had shown the competency of the witnesses, the materiality of their testimony, that they had been duly and legally summoned, and the other facts specially required by the statute, he was entitled to a continuance, without any reference to whether they were prevented from being present by sickness. The fact of their absence, and not the cause of such absence, entitled him to a continuance.

It is next insisted that the court committed no error in overruling the application for a continuance, for the reason that there were other witnesses present in court who testified to the same facts which were expected to be proved by the absent witnesses. The court below was bound to decide the motion for a continuance upon the facts stated in the affidavits. The court below had no right to receive counter affidavits, but was conclusively bound to take the facts stated in the affidavit to be true.

In determining whether the court erred in refusing a continuance, we look alone to the affidavits, and cannot examine the evidence in the record, to see whether the appellant was or was not injured by such refusal. The credibility of the witnesses, and the weight which should have been given their testimony, were questions which belonged exclusively to the jury.

In passing upon the sufficiency of the affidavits, we have no right to look to the evidence, to determine whether the appellant was or was not guilty. If the facts stated in the

affidavit had been proved, the result might have been very different, for if it was true as therein stated, that the property alleged to have been stolen never was the property of the person named in the indictment, but was the property of the appellant at the very time when it is charged he had stolen it, he was not and could not have been guilty.

It is quite clear to us that the court erred in refusing to continue the case, for which error the judgment must be reversed. See *Jenks* v. *The State*, 39 Ind. 1.

The judgment is reversed; and the cause is remanded for another trial. The clerk will immediately direct the warden of the northern state prison to return the prisoner to the jail of Newton county.

*S. A. Huff*, *C. H. Test*, and *D. V. Burns*, for appellant.

*J. C. Denny*, Attorney General, and *S. P. Thompson*, for the State.