*P. W. Hardin,* for appellant.
*W. Monfort,* for appellee.

---

James Mullins *v.* Commonwealth.

[Abstract Kentucky Law Reporter, Vol. 3—686.]

**Criminal Law—Murder.**

When the commonwealth, in a trial of one charged with murder, proves a statement made by the accused to the officer arresting him, in the nature of an admission, it is reversible error for the court to sustain an objection made by the state to evidence, showing the whole of the conversation between the accused and the arresting officer. When one part of a conversation is introduced to show a confession of the crime the defendant has the right to have the whole of what was said in the conversation laid before the jury.

**Evidence.**

Where two or more persons are accused of crime, and there is a separate trial as to one, and there is no allegation or sufficient proof

of conspiracy to commit the crime, it is error in such trial to admit evidence that another who is charged with the crime has fled the country. The one on trial is not chargeable with the fact that the other has fled.

## APPEAL FROM LINCOLN CIRCUIT COURT.

March 4, 1882.

OPINION BY JUDGE HARGIS:

James Mullins, James Raines and James White were jointly indicted for the offense of murder alleged to have been committed by shooting and killing George Adams. A separate trial was awarded the appellant, Mullins, and he was tried and found guilty of the offense of manslaughter and sentenced to the penitentiary for the period of twelve years. By this appeal from that sentence numerous questions are raised, but we will only consider those errors which appear to us important and prejudicial to appellant's rights.

The testimony, as embodied in the bill of exceptions, tends to show that the deceased was shot with two or three different pistols, which were not of the same caliber, and there is some contrariety of evidence as to the ownership of each pistol.

The commonwealth having introduced John Ballard as a witness, the small pistol being exhibited to him, the attorney for the commonwealth asked him to state, if he knew, whose it was and how he knew it. The witness responded, "It is the pistol of defendant Mullins, as he told me when I arrested him." The appellant's counsel then asked the witness to tell all that the appellant stated at that time. The court, upon objection being made, restricted the witness to such statements as the appellant may have made touching the ownership of the pistol, to which an exception was taken. The appellant avowed that Ballard "would say in response to the question that the defendant gave him the pistol, and said "This is my pistol, and I only used it to prevent Adams from killing me." But the court refused to allow the whole statement to go to the jury. This was error, because half of the sentence tends to connect the appellant with the killing, and the remainder to excuse him from its consequences.

One of the wounds was inflicted by a ball of the same caliber

as of the pistol which appellant admitted was his, and thus he was connected with the commission of the act by its use. There is no rule of evidence better settled, than if one part of a conversation is introduced to show a confession of the crime, the accused has the right to have the whole of what was said in the conversation laid before the jury. He is not confined to any explanation only of the part proven against him, but he has a right to give evidence of all that was said upon the occasion relative to the subject-matter in issue.

This rule is the dictate of both reason and humanity, and should be enforced with great care and caution because of the danger of mistake, the infirmity of memory, the zeal which so often prevails to convict offenders, and the inherent difficulties which attend an effort to disprove, by negative evidence, the alleged confessions of the accused, who may be able to rebut the proof of plain facts but wholly at a loss to meet the charge that he has made an extrajudicial confession of his guilt.

Words leave no physical traces and are lost with their sound; they are not like plain facts which are so often met and put down by negative evidence. They rest alone in the memory, which is often single and the only witness of their utterance. Hence "The whole of what the prisoner said on the subject at the time of making the confession should be taken together."

It was error also to allow the commonwealth to prove that Raines had fled the county. He was not on trial, and there was no allegation or sufficient proof of conspiracy to commit the alleged crime. Whatever may have been his motive for fleeing the county, it can not attach to the appellant who did not flee with him. The appellant, in the absence of a conspiracy, is responsible for his own acts alone.

The appellant should have been present during the whole trial, but as he appears by the record to have consented that one of the jurors be excused by reason of sickness and another put in his place after the jury had been sworn, and failed to object or except to the action of the court, before the evidence was introduced, or at any other time, and the bill of exceptions being rather inconsistent and leaving some doubt as to the fact whether the appellant was present when he consented to the discharge of the said juror, we do not think the question of such importance or so presented as to call for a discussion of the con-

stitutional objection raised to the proceeding, as a new trial must be awarded on account of the errors indicated.

Although appellant and the other defendants were colored men, we perceive no error in the order to the officer to complete the jury from by-standers, after the regular panel was exhausted, whether persons of the African race composed any of the body of by-standers or not, as the court has nothing to do with its composition, and it is not in duty bound to send out of the courthouse for the people of that race to come in and take a place among the by-standers so they may be represented on the jury. No other race of people are entitled to such extraordinary rights and distinction as citizens, and we do not think that race should be accorded greater rights than any others.

Wherefore the judgment is *reversed* and cause remanded with directions to grant appellant a new trial.

*W. O. Bradley, S. M. Burdett, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Green v. Commonwealth,* 26 Ky. L. 1221, 83 S. W. 638.]