[No. 5667.]

SMITH V. THE PEOPLE.

1.   Criminal Law—Conspiracy—Evidence—Competency.

In a prosecution for conspiracy, it is error to permit the people, over the objection of defendant, to introduce evidence as to acts and declarations of a jointly indicted co-conspirator, which were done and made long after the purpose of the alleged conspiracy was consummated, and not in the presence and hearing and without the knowledge of defendant.—P. 510.

2.   Same—Flight.

In a prosecution for conspiracy, evidence that a jointly indicted conspirator had fled from the jurisdiction of the court so that he could not be tried, is inadmissible as being contrary to the settled rule that, when a conspiracy is at an end, and the purposes of the conspiracy have been accomplished, no subsequent act or declaration of one of the conspirators is admissible against the others.—P. 511.

*Error to the District Court of Pueblo County.*
*Hon. John H. Voorhees, Judge.*

A. H. Smith was convicted of conspiracy, and he brings error.                                    *Reversed.*

Mr. E. E. Hubbell, Mr. T. R. Hoffmire, and Mr. F. R. McAliney, for plaintiff in error.

Mr. N. C. Miller, attorney general, and Mr. I. B.. Melville, deputy attorney general, for the People.

Mr. Justice Bailey delivered the opinion of the court:

The plaintiff in error and one Charles E. Thomas were indicted by a grand jury called by the district court of Pueblo county on the 14th of January, 1905, for entering into a conspiracy to cause certain parties who were not entitled to vote to be registered in precinct No. 56 in Pueblo county. Plaintiff in error was tried alone and convicted. The court permitted the people, over the objection of plaintiff in error, to introduce evidence as to the acts and declarations of defendant Thomas done and made long after the purpose of the alleged conspiracy was consummated, and not in the presence and hearing and without the knowledge of defendant Smith.

It is true that, after a conspiracy has been proven, the declaration of either of the conspirators made in furtherance of a common design or the criminal object for which the conspiracy was formed is admissible in evidence, but care must be taken that the acts and declarations thus admitted be those only which were made and done during the pendency of the criminal enterprise and in furtherance of its objects. If they took place at a subsequent period, they are to be rejected.—1 Greenleaf, § 3.

In 2nd Bishop on Criminal Proc. (3rd ed.), § 230, it is said:

"When the transaction is over, individual declarations, confessions and acts are, of course, not in execution of the common purpose, therefore they are competent only against those from whom they proceed."

In the case of *Davis v. People,* 22 Colo. 5, we stated: .

"Statements of one of the alleged conspirators while carrying out the common design are admissible as part of the *res gestae* against his co-conspirators, but after the conspiracy is consummated, the acts or declarations of one are not admissible as against others jointly charged."

To the same effect is the doctrine in the cases of: *People v. Aleck,* 61 Cal.· 139; *Willis v. State,* 54 S. W. 211; *State v. McGraw,* 87 Mo. 164.

The court also permitted the people to prove that Thomas, who was jointly indicted with plaintiff in error for conspiracy, had left the state and fled from the jurisdiction of the court, so that he could not be tried. The admission of this testimony was in contravention of the settled rule that the acts and declarations of the co-conspirator, done in furtherance and execution of the common design, are admissible against a conspirator on trial for a common offense; and that, when the conspiracy is at an end, and the purposes of the conspiracy have been accomplished, no subsequent act or declaration of one of the conspirators is admissible against the others. —*O'Neal v. State,* 42 Ind. 247; *State v. Barnum,* 82 Mo. 73; *People v. Stanley,* 42 Cal. 117.

For the reasons above stated, the judgment of the district court must be reversed.     *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.