Syllabus.

# Richmond.

## OSCAR BURFORD V. COMMONWEALTH.

January 19, 1922.

Absent, Saunders, J.

1. JURY—*Qualification of Juror—Criminal Law—Same Jury Sitting in Two Trials.*—When jurors have been carefully examined on their *voir dire* and it has been shown that they are in every respect fair and impartial, and can give an accused a fair trial on the merits, they are not disqualified to sit by the fact that at another time and on entirely different evidence they have been compelled as jurors to convict him of an entirely different offense in no way connected with the charge under investigation.

2. JURY—*Same Jury Trying Accused for Two Different Offenses.*—While the practice of using the same jury to try an accused for different offenses is not to be commended, it is not error.

3. CONSPIRACY—*Subsequent Acts and Declarations of a Conspirator as Evidence Against a Coconspirator.*—After the objects of a conspiracy have been accomplished, the subsequent acts and declarations of one conspirator cannot be given in evidence against a coconspirator.

4. CRIMINAL LAW—*New Trial—Inadmissible Evidence—Prejudicial to Accused.*—If the reception of inadmissible testimony may have prejudiced a defendant in a criminal presecution, a verdict against him should be set aside; but no such result would follow where the court can plainly see that he could not have been prejudiced by the reception of such evidence.

5. CRIMINAL LAW—*New Trial—Inadmissible Evidence—Prejudicial to Accused—Case at Bar.*—In the instant case, an indictment for breaking and entering a railroad car, accused was recognized by one witness for the Commonwealth as the driver of a vehicle passing from the direction of the car in the direction of the house of the accused. A quantity of the stolen goods was found on the premises of the accused.

   *Held:* That the case against the accused was so fully made out that evidence to show that a reward had been offered for the arrest of an alleged accomplice of the accused could not have

been prejudicial to him, and if its admission was error it was harmless.

6. WITNESSES—*Credibility*—*Question of Fact.*—It is the peculiar province of the jury to determine the credibility of witnesses, and the weight to be given their testimony.

Error to a judgment of the Circuit Court of Campbell county.

*Affirmed.*

The opinion states the case.

*Duncan Drysdale* and *L. Bradford Waters,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiff in error, hereinafter called the accused, was convicted of breaking and entering a railroad car and stealing therefrom household goods of the value of several hundred dollars, and was sentenced to the penitentiary for two years. On the day after the breaking the accused was arrested and confined in jail on the charge of shooting one Dotson. After his arrest a search warrant was issued and under it the house of the accused was searched for the stolen goods, and a large quantity of them was found in the loft over the kitchen, and several of the articles which were identified as parts of the stolen goods were found in the bureau drawer of the room of the accused and his wife. At the time of the breaking the accused was the owner of a pony and light wagon or buggy, and a man named Hobbs or Cobbs had been staying at his house for "almost a week." The breaking was done in the night time, and early the next morning tracks

33

of a buggy or light wagon and small horse tracks like those of a pony were found near the door of the car which contained the goods and which had been broken open and entered.  Two witnesses testified that about eleven o'clock on the night of the breaking they saw the pony of the accused hitched to the buggy or wagon pass from the direction of the car going in the direction of the house of the accused, that one man was driving and the other walking along by or behind the buggy.  One of these witnesses testified that he recognized the accused as the driver, but did not know the other man, and that the buggy or wagon was loaded with "canned fruit and stuff."  He also made further statements as to what he saw in the vehicle which are manifestly improbable and seemingly untrue.  The other witness testified that he did not recognize either of the men with the wagon, but that he remarked to the first witness "yonder goes Mr. Burford."  It was a bright moonlight night, and the distance from the witnesses to the accused when he was passing was estimated by different witnesses at from twenty-five to seventy-five yards.  The weight of the testimony seems to be in favor of the shorter distance.  The two witnesses were together at the time, and while one of them says he did not recognize the accused, they concur in the statement that the pony and vehicle were those of the accused.  They also concur as to the time of the night and that two men accompanied the vehicle.

The accused and Hobbs or Cobbs were separately indicted for the offense.  Hobbs or Cobbs disappeared shortly after the breaking, and rewards were offered for his arrest, both by the county of Campbell and the State of Virginia.  The accused was tried and convicted of a felony at the same term at which the instant case was tried, and the same jury was used for both trials.  The record does not disclose what the first offense was, but does show that he had been arrested and confined in jail for the shooting afore-

said, and it may be fairly inferred therefrom, in the absence of all evidence to the contrary, that this was the offense for which he was convicted.

It is assigned as error that the same jury was used for the trial of the instant case as on the trial of the other case. Just when this objection was made is not clear from the record. The bill of exceptions on this point is very brief and is as follows:

"On the trial of the issue involved in this case the court caused to be impaneled the same jury which had just tried and convicted the defendant on another charge, to which action of the court the defendant, by counsel, objected, which objection was overruled by the court and to which the defendant duly excepted."

The order of the court impaneling the jury makes no reference to any such exception, but simply states that the panel was "found free from all legal exception," that eight were stricken off and the remaining twelve sworn to try the case.

In the petition for the writ of error it is conceded that the authorities are against the petitioner's contention. It is there said:

"Whether it is error to use the same jury which has just convicted the defendant on another indictment is a question as yet undecided in Virginia. It is conceded that the authorities in foreign jurisdictions are adverse to the contention of your petitioner (see note to *People* v. *Mol,* 68 L. R. A. 871, 880; 16 R. C. L. Subject Jury, section 78), but in view of the long settled practice in Virginia to impanel a new jury when there are two separate charges to be tried involving the same defendant, and in view of the policy of this State to safeguard in every way the defendant's right to a fair, impartial and unbiased jury, it is respectfully submitted that this court should refuse to follow the rulings in other jurisdictions and should adopt a doctrine more consistent with absolute justice."

[1] When jurors have been carefully examined on their *voir dire* and it has been shown that they are in every respect fair and impartial, and can give an accused a fair trial on the merits, they are not disqualified to sit by the fact that at another time and on entirely different evidence they have been compelled as jurors to convict him of an entirely different offense in no way connected with the charge under investigation.

In *Page* v. *Commonwealth,* 27 Gratt. (68 Va.) 954, some of the jurors who found against the prisoner on the issue of *autrefois acquit,* also served on the trial of his plea of not guilty and this was held not to be error as they testified on their *voir dire* that they had formed no opinion as to the guilt or innocence of the accused, and could give him a fair and impartial trial.

[2] While we do not think that the practice of using the same jury to try an accused for different offenses is to be commended, we cannot say that it is error.

It is also assigned as error that the trial court admitted testimony to show that a reward had been offered for the arrest of Hobbs or Cobbs "who was alleged to have been with the defendant at the time of the alleged crime." In support of this assignment counsel for the accused rely upon 16 Corpus Juris 661 and cases cited, as follows:

"It cannot be shown, as against a defendant on trial, that an accomplice or a coconspirator has fled or escaped since the commission of the crime. It also has been held not permissible to show that a coconspirator or a codefendant is out of the State and therefore cannot be apprehended. 16 Corpus Juris 661, citing *Lowman* v. *State,* 161 Ala. 47, 50 So. 43; *People* v. *Stanley,* 47 Cal. 113, 17 Am. Rep. 401; *Smith* v. *People,* 38 Colo. 509, 88 Pac. 453; *Mullins* v. *Comm.,* 3 Ky. Law Rep. 686; *State* v. *Sykes,* 191 Mo. 62, 89 S. W. 851; *State* v. *Barham,* 82 Mo. 67; *People* v. *Sharp,* 107 N. Y. 427, 14 N. E. 319, 1 Am. St. Rep. 851 (Rev. 45

Hun. 460) ; *Landers* v. *State* (Tex. Cr.), 63 S. W. 557; *Mc-Kenzie* v. *State,* 32 Tex. Cr. R. 568, 25 S. W. 426, 40 Am. St. Rep. 795; *Pulpus* v. *State,* 82 Miss. 548, 34 So. 2."

[3-5] It is generally conceded that after the objects of a conspiracy have been accomplished, the subsequent acts and declarations of one conspirator cannot be given in evidence against a coconspirator, and it may be further conceded that if the reception of inadmissible testimony may have prejudiced a defendant in a criminal prosecution, a verdict against him should be set aside; but no such result would follow where the court can plainly see that he could not have been prejudiced by the reception of such evidence. In the case at bar, the horse and vehicle of the accused were seen on the night of the breaking coming from the direction of the box car, drawing a load, and attended by two men. The accused was recognized by one witness for the Commonwealth as the driver of the vehicle, and a quantity of the stolen goods were found on the premises of the accused and part of them were in the bureau drawer in the room occupied by the accused and his wife. The case against the accused was so fully and completely made out that the evidence complained of could not have been prejudicial to him. If its admission was error it was harmless.

It is true that the defendant and his wife testified that they knew nothing of stolen goods being in the house, and accused testified that he was not out of the house during the night of the breaking, but all of this testimony was before the jury, and it was their peculiar province to determine the credibility of the witnesses and the weight to be given their testimony. They have done this and have found the accused guilty. There is abundant evidence to support the verdict, and the trial court properly refused to set it aside. We find no error in the judgment of the trial court, and it is accordingly affirmed.

*Affirmed.*