ENNIS HOWELL v. THE STATE.

No. 7779.   Decided June 6, 1923.

Rehearing denied October 31, 1923.

**1.—Selling Intoxicating Liquor—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception were filed too late, they cannot be considered on appeal.  However, if considered there appears no reversible error.

**2.—Same—Continuance—Discretion of Court.**

Where the overruling of the application for a continuance showed no abuse of discretion on the part of the court, there is no reversible error.

**3.—Same—Jury and Jury Law—Impartial Jury.**

Where, in two other cases against the defendant, for different offenses the jury where instructed to acquit, there was no error to impanel the twelve men as jurors who had sat as jurors in the other cases.  Following Arnold v. State, 38 Texas Crim. Rep., 1, and other cases.

**4.—Same—General Reputation.**

It is not legitimate to prove as original testimony that one accused of selling whisky bears the reputation of a bootlegger.  However, the bill of exceptions being insufficient the matter cannot be reviewed, and there is no reversible error.

Appeal from the District Court of Ellis.   Tried below before the Honorable W. L. Harding.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Clyde F. Winn* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Ellis County of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The record is before us without statement of facts. . The trial term of the court below adjourned December 2, 1922, an order having been entered granting appellant sixty days in which to file bills of exception and statement of facts. The bills of exception were filed on March 3, 1923. There was no order extending the time. The bills of exception were filed too late to be considered by us.

The indictment appearing to sufficiently charge the offense, and there being no error apparent in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

October 31, 1923.

MORROW, PRESIDING JUDGE.—The sickness of the appellant's attorney is relied upon to excuse the tardy filing of the bills of exceptions and the statement of facts.

Appellant was indicted on the 19th of October and tried on the 21st of November. The subpoena for an absent witness residing in the county was returned, not executed, on October 30th. Excusing the failure to issue additional process, the motion avers that the witness had recently gone to Oklahoma, that his departure was sudden, and that his absence was temporary. In overruling the motion, the trial judge did not abuse his discretion. Vernon's Tex. Crim. Stat., Vol. 2, Art. 608, page 307, note 4, and cases cited.

There were three cases charging appellant with the sale of intoxicating liquor. One charged the sale to Childress, another to Howard, and another to Williams. The jury was impaneled in each of the other cases. The State failing to make out a case, a verdict of not guilty was instructed. In the present case, the court was requested to eliminate from the panel the twelve men who had sat as jurors in the other cases. The twelve men were not disqualified by reason of the facts stated. Arnold v. State, 38 Texas Crim. Rep., 1; Edgar v. State, 59 Texas Crim. Rep., 255; Hardgraves v. State, 61 Texas Crim. Rep., 422; Branch's Ann. Tex. Penal Code, p. 284.

The witness Parker was introduced to prove the general reputation of the appellant; that the general reputation of the appellant was bad.  However, in what particular, the bill does not say.  The witness was examined, cross-examined and re-examined.  Upon his re-examination he stated that the appellant had been pointed out to him as a *bootlegger*.  Unless this inquiry introduced or rendered competent by the examination made by the appellant, it was improper.  It is not legitimate to prove as original testimony that one accused of selling whisky bears the reputation of a bootlegger.  However, the bill does not show the surrounding circumstances, and we must therefore assume that the learned trial judge would not have permitted the testimony had it not been because of some action on the part of the appellant or his counsel which made it excusable.  In the absence of a statement of facts, the difficulty of appraising any of the bills of exception presented in this record is practically insurmountable.  We are not sure that the bills should be considered, but they reveal no reversible error.

The motion is overruled.

*Overruled.*