## JESSE SHORT V. THE STATE.

No. 22274. Delivered November 11, 1942.
Rehearing Denied January 6, 1943.

The opinion states the case.

*E. J. McLeroy,* of Center, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of murder without malice, and given two years in the penitentiary.

There is no statement of facts brought forward in the record.

Appellant complains in his first bill of exceptions of the court's overruling his application for a continuance because of the absence of the witness Eugene Fountain, who it was alleged would give certain favorable testimony for appellant. The trial court's qualification to said bill recites that upon certain information and notice to defendant's counsel, the court conducted a hearing, and ascertained that defendant's counsel,

in the presence of the defendant, had excused this witness from attendance upon the court at the time of the trial hereof. We think under Art. 543, subdiv. 4, C. C. P., that the witness was shown to have been "absent by the * * * consent of the defendant." Also see 9 Tex. Jur., Sec. 142, p. 848, and authorities there cited.

Bills of exceptions Nos. 2, 3 and 4 can be treated together. It appears that one witness for the defendant was a man by the name of George Maxey. Since there is no statement of facts it cannot be definitely stated what all of his testimony was; however, it does appear that on his direct examination he testified to facts showing that he was present at the scene of the difficulty which resulted in the death of Booth, and that he was shot in said difficulty. He apparently testified that the shot which took effect in him was accidental. He was asked on cross-examination if he had not, after the time of the homicide, stated to a deputy sheriff named Holt and to the county attorney Wilburn that the shooting of him by the defendant was not an accident and that defendant shot the deceased for nothing. After the witness had stated that he had not previously made such contradictory statements the deputy sheriff Holt and the county attorney Wilburn were placed on the stand by the State and it was proven through them that the witness Maxey had made such prior inconsistent statements. The bills of exception complain both of the cross-examination of the witness Maxey and of the impeachment testimony given by the county attorney and deputy sheriff. It is contended that to impeach him concerning whether or not the shot which took effect in him was accidental was impeaching him on a foreign matter. We really do not think that the bills of exception can be appraised because there is no statement of facts in the record and the bills themselves do not show that the testimony set out is all of the testimony bearing upon this issue. There may be some facts in the record which would clearly make the testimony admissible, and in the absence of a showing in the bill itself that this is all of such testimony, the bill may not be appraised. Stewart v. State, 2 S. W. (2d) 441; Pilgrim v. State, 219 S. W. 451; Riley v. State, 255 S. W. 171; 4 Tex. Jur., Sec. 168, p. 235.

Bills of exception Nos. 6 through 9 complain of the court's charge. In the absence of a statement of facts these bills of exception may not be appraised. 4 Tex. Jur., Sec. 170, p. 238, and numerous authorities there cited.

By bills of exception No. 5 the appellant complains that Dr. O. S. Oates, whose qualifications were admitted, testified that one bullet entered the front of the deceased's body above the left nipple and one below the left nipple, and that either wound was calculated to produce death, and that in his opinion was produced by a 38 caliber bullet; and thereafter the doctor was permitted to testify whether or not he thought it was physically possible for a man shot as he testified the deceased was to close up his knife and put it in his pocket after such wounds had been received. This evidence was permitted over the objection that it called for a conclusion and also that the doctor had not shown himself qualified to testify to such facts. The bill does not show that this is all the testimony of the same nature and it is quite possible that the statement of facts would reveal similar testimony which was unobjected to. In the absence of such a statement of facts the court cannot appraise the bill, particularly where the bill does not preclude the presence in the record of the same testimony from other sources.

Finding no error shown, the judgment is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Accompanying his motion for rehearing, appellant presents a statement of facts which was filed with the district clerk on February 4, 1942. The clerk had failed to forward it to this court with the rest of the record. The frequency with which such inexcusable negligence causes delays in the disposition of cases as well as added expense and sometimes the defeat of the rights of parties whose liberty is at stake, is alarming. We do not feel, however, that this appellant should fail to receive full consideration because of the failure of some official to perform his full duty.

We have reconsidered the bills of exception in the light of the reflected facts and have reached the conclusion that the correct disposition was made of the case in the original opinion. As stated in the original opinion, bills of exception numbers 2, 3 and 4, relate to the admission of the testimony of the two witnesses, Holt and Wilburn. It was the State's theory that the accused was drunk on the occasion of the homicide; that he had circulated among the negroes in and out of a cafe and had

threatened to "curry" some negro's head, as he displayed a pistol; that in keeping with the threats, he came in contact with deceased and shot him in a reckless disregard for human life, either of the deceased or any other person. This was an important issue, in view of the defense of accident and lack of intention to kill. The witness Maxey was present in a small cafe where others testified that such threats had been made. Maxey denied hearing any such statements, which was tantamount to a denial that they were made, and testified affirmatively to facts contradicting the State's evidence and supporting appellant's theory of accidental shooting as well as self defense. On cross examination, the district attorney asked him if he had made certain statements contrary to the evidence which he had given on these two issues and if they were not made to Holt and Wilburn. He denied making such statements and the two witnesses were called and related such statements of Maxey as impeaching evidence. The court so admitted it and so restricted it in his charge. No serious objection can be lodged against this testimony. The bills were properly overruled.

Bill of exception number 5, as further interpreted by a statement of facts, fails to show error. Dr. Oates' statement had described the wounds and he added: "I think I know what the effect of a gunshot wound on a man like that would be. In my opinion, I think it would have been a physical impossibility for a man shot as I found this man shot to close up a knife and put it in his pocket after he received those two gunshot wounds." The doctor had examined the body and found that the two gunshot wounds entered the left breast in the region of the heart, stating that "he was almost instantly killed and all of his reflexes are relaxed." He undoubtedly was qualified to testify that the wounds produced almost instant death. If so, the conclusion that he would not have been able to close his knife and put it in his pocket would not require expert knowledge however much that might have aided him in reaching the proper conclusion. The fact being true that he died almost instantly, the doctor's conclusion is of necessity true and its admission could be no error.

Bills of exception numbers 6, 7, 8 and 9 complain of the court's charge. The only criticism which we are able to make from an examination of the court's charge is his failure to give an affirmative charge on the defensive issue of intention. However, the very lengthy and technical exception to the court's

charge fails to point out this deficiency. No special charge was requested on the subject and the matter is not presented for the consideration of this court because it was not called to the attention of the trial court.

The appellant's motion for rehearing is overruled.