LEON ELLSWORTH JONES *v.* STATE
OF MARYLAND

[No. 231, Initial Term, 1967.]

*Decided November 16, 1967.*

The cause was submitted to ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and TRAVERS, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Samuel J. DeBlasis* for appellant.

*Richard M. Pollitt, Special Attorney,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Ronald Willoner, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty on August 2, 1966 by a jury in the Circuit Court for Prince George's County of murder in the second degree, and sentenced to a term of eighteen years in the Maryland Penitentiary. Two questions of law are presented on this appeal: (1) whether appellant was denied his right to an impartial jury by the empaneling of four jurors sitting in this case who had sat six weeks previous in a separate criminal action in which the appellant was the accused, and (2) whether the trial court committed error in overruling appellant's objection to, and subsequent motion to strike, certain testimony relating to his oral statement to police made at the time of his apprehension.

The evidence adduced at trial indicated that one Andrew Dunston was shot in the head with a pistol while he was involved in an altercation with David Michael Leazer outside a dance hall in Forestville, Maryland. Appellant was identified by eyewitnesses as the man who fired the shot and left the scene in a 1957 Chevrolet automobile. Appellant was subsequently apprehended by police a short distance from the scene of the shooting, whereupon he denied having been at the dance hall. Identification of the appellant as the man who had done the

shooting was then made by a witness, and appellant was arrested. No question of the sufficiency of the evidence is presented on this appeal.

Conceding the proposition that appellant's right to an impartial jury is guaranteed by both Article 21 of the Maryland Declaration of Rights, *Bristow v. State,* 242 Md. 283, 288, and the Fourteenth Amendment to the Federal Constitution, *Beck v. Washington,* 369 U. S. 541; *Irvin v. Dowd,* 366 U. S. 717, it is clear that the burden of proving that the jury was in fact not impartial is on the appellant. *Bristow v. State, supra.* Appellant does not, however, carry that burden by merely establishing that four of the jurors sitting on his trial had previously sat on a jury which convicted him of another unrelated offense. The general rule is that a juror is not necessarily incompetent because he has been a member of the jury on a former trial of the same accused for a different offense. See, e.g., *Ex Parte Craft,* 138 So. 2d 266 (Ala. 1962); *Bowling v. Commonwealth,* 286 S. W. 2d 889 (Ky. 1955); *Howell v. State,* 255 S. W. 171 (Tex. 1923); *Burford v. Commonwealth,* 110 S. E. 428 (Va. 1922); *State v. Riley,* 151 S. E. 2d 308 (W. Va. 1966); *Annotation:* 6 A.L.R. 3d 546. The former trial of appellant on which the four jurors had sat was for storehouse breaking and larceny on a set of facts totally unrelated to the instant case. In the absence of specific proof of their bias, these jurors cannot be presumed to have acted other than impartially. We hold, on the record before us, that no unfairness has been shown by appellant, and we so conclude without even considering the probability that appellant waived his right to challenge the array by failing to object at trial, failing properly to question prospective jurors on *voir dire,* or failing to exhaust his peremptory challenges.

Appellant's second contention—that the statement given by him to the arresting officer was improperly admitted in evidence —is also without merit. While it appears that appellant was given no warning of his constitutional rights as required by *Miranda v. Arizona,* 384 U. S. 436, and while the dictates of that decision apply to exculpatory as well as inculpatory statements, *Miranda,* by its terms, applies only to instances of "custodial interrogation." By "custodial interrogation" is meant

"questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any signficant way." 384 U. S. at page 444. Appellant herein was neither taken into custody, nor deprived of his freedom in any significant way. At the time the officer asked appellant the question objected to, appellant was sitting in his own automobile with his girlfriend. He had not then been arrested but was merely being asked if he had been at the dance hall outside of which the shooting had occurred. The officer stated on cross-examination that it was not his intention to arrest appellant until after identification had been made.

In *Duffy v. State,* 243 Md. 425, the Court of Appeals distinguished a mere accosting by police from an actual arrest. In that case, a policeman entered the bedroom in which the defendant was sleeping and seeing a knife asked him: "Is this the knife you used in the fight?" The court held that such action constituted an accosting, not an arrest, and that the question did not amount to "custodial interrogation" within the meaning of *Miranda.* We hold that appellant's denial of his presence at the scene of the crime was similarly a product of an accosting and that its admission into evidence by the court below was not error.

In his brief, appellant raises three additional questions in proper person. None of these questions were raised or decided by the trial court. They are, therefore, not properly before us. Maryland Rule 1085.

*Judgment affirmed.*