## LEON ELLSWORTH JONES *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 126, September Term, 1967.]

*Decided November 7, 1968.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from a finding by a jury in the Circuit Court for Prince George's County, Judge

Robert B. Mathias presiding, that Leon Ellsworth Jones is a defective delinquent.

Applicant raises four contentions:

1. That while his direct appeal is pending, his civil commitment is automatically deferred as "the civil commitment must rest upon a final adjudicated criminal conviction or else it is premature * * *."
2. That the requested writ of habeas corpus was improperly denied by Judge Digges.
3. That the "premature commitment to Patuxent" denied him the right to an appeal bond.
4. That "his constitutional rights under the Fourteenth Amendment to the United States Constitution have been violated deliberately."

On August 2, 1966, the applicant was convicted by a jury of murder in the second degree, and sentenced by Judge Ralph W. Powers to serve eighteen years in the Maryland Penitentiary. On August 3, 1966 a notice of appeal to the Court of Appeals was filed and on August 4, 1966 commitment was issued and delivered to the sheriff. On August 22, 1966 an order for examination at Patuxent Institution was filed. After two time extensions for the transmission of the record for appeal were granted, the record for transmittal was filed on November 2, 1966. On November 9, 1966 a petition for relief under the Uniform Post Conviction Procedure Act was filed. On January 17, 1967 a letter and report from Patuxent Institution was filed. On February 2, 1967 the State's Attorney moved to continue the post conviction hearing until a determination was reached on the direct appeal and the motion was granted by Judge Roscoe H. Parker. Then, on March 23, 1967, the order of court ordering the clerk to transmit the docket entries and record transcript to the Court of Special Appeals was filed. The aforenoted defective delinquent hearing by jury was held on September 14, 1967, with a finding that Leon Ellsworth Jones was a defective delinquent and on that date he was committed to Patuxent Institution. A writ of habeas corpus was filed on September 25, 1967 and on October 12, 1967 an opinion and order denying such relief was filed. An application for leave to appeal

the defective delinquent finding was filed on September 20, 1967 and on October 16, 1967 counsel was assigned and the time for transmission of the record extended until December 19, 1967.

The direct appeal was decided by this Court on November 16, 1967 and is reported in *Jones v. State,* 2 Md. App. 429, 234 A. 2d 900 (1967). This application was received on December 8, 1967.

The applicant's initial contention is devoid of merit. It is not requisite that prior to a defective delinquency hearing there must be a finally adjudicated criminal conviction; but rather, such a determination may be made "if he has been convicted and sentenced." Maryland Code (1967 Repl. Vol.), Art. 31B § 6 (a). Furthermore, the issue therein raised was rendered moot by the affirmance of applicant's conviction in *Jones v. State, supra.*

The second contention also fails. In Maryland, there is no appeal from the denial of release after a hearing on habeas corpus, except as provided in Md. Code (1967 Repl. Vol.), Art. 27, Section 645 A (e), which is not here applicable. *State v. Musgrove,* 241 Md. 521, 527, 217 A. 2d 247 (1966) ; *Bullock v. Director,* 231 Md. 629, 631, 190 A. 2d 789, 791 (1963).

Applicant's third contention is without merit. Here, as discussed above, there was no "premature commitment to Patuxent" and therefore the contention is totally lacking in merit.

The final contention fails to set forth the requisite specifics to substantiate what in the absence thereof, constitutes merely a bald allegation.

Having found each contention raised absent in merit, this application is herewith denied.

*Application denied.*