JOHN DUNPHY A/K/A JOHN W. ROTHENHOEFER *v.*
STATE OF MARYLAND

[No. 206, September Term, 1971.]

*Decided December 17, 1971.*

672

The cause was submitted on briefs to MORTON, ORTH and MOYLAN, JJ.

Submitted by *Jack R. Turney* for appellant.

Submitted by *Francis B. Burch, Attorney General, Gilbert Rosenthal, Assistant Attorney General* and *Fred A. Thayer, State's Attorney for Garrett County,* for appellee.

ORTH, J., delivered the opinion of the Court.

JOHN DUNPHY, also known as John W. Rothenhoefer, went to trial on 4 May 1971 before a jury in the Circuit Court for Garrett County under indictment 847 and 849.[1] At the close of all the evidence a motion for judgment of acquittal was granted as to indictment 849.[2] The jury rendered a verdict of guilty generally under indictment 847. The first count charged the forgery of a check in the amount of $175, the second count charged the uttering of the check to Browning's, Inc. and the

---

1. The docket entries show that the indictments had come on for trial on 24 March 1971 in that court but during the course of the trial a motion for a mistrial by Dunphy was granted. The reasons therefor do not appear in the record before us.

2. It presented the offense of false pretenses but other than that the prosecuting witness was a John Kelly, the details of the charge do not appear in this record.

third count purported to charge the crime of false pretenses. The general verdict of guilty convicted Dunphy on each of the three counts. *Manning v. State,* 2 Md. App. 177.[3] No question was raised below nor presented to us on appeal with respect to the conviction under the third count. A point not tried and decided below will ordinarily not be decided by us, but a question as to the jurisdiction of the lower court may be raised and decided in this Court whether or not raised and decided in the lower court. Maryland Rule 1085; *Phenious v. State,* 11 Md. App. 385, 390-391. According to the lower court's charge to the jury, to which no exceptions were taken, the third count charged the offense proscribed by Code, Art. 27, § 140. Under that section a person who shall "by any false pretense obtain from any other person any chattel, money or valuable security, with intent to defraud any person of the same, shall be guilty of a misdemeanor * * *." We set out the elements of the offense in *Polisher v. State,* 11 Md. App. 555, 560. One of them is the obtaining of any chattel, money or valuable security from another. The third count in the indictment here read:

"And the Jurors aforesaid, upon their oath aforesaid, do further present that the said John Dunphy, also known as John W. Rothenhoefer, on or about the 28th day of January, 1971, at Garrett County, aforesaid, by a certain false pretense by him, then and there made to Browning's, Inc., which said false pretense was not

3. Sentence was imposed on the first count only—imprisonment for 10 years, the court, according to the docket entries, "indicating that the second and third counts merge with the first." What authority the lower court had to merge the second and third counts into the conviction of the first, even if the doctrine of merger were appropriate, in view of the verdict of the jury, which convicted Dunphy on each of the counts, is not apparent. The technical effect was that no sentence was imposed on the convictions under the second and third counts. See *Sands v. State,* 9 Md. App. 71, 79; *Buckner v. State,* 11 Md. App. 55. The practical effect was the equivalent of a general sentence imposed on the three convictions and it seems that this was what the lower court desired to accomplish. See *Tender v. State,* 2 Md. App. 692. In any event no question is presented on the point and it is not before us.

> then and there a mere promise for future payment not intended to be performed, unlawfully, knowingly and designedly did obtain from the said Browning's, Inc., with intent then and there to defraud the said Browning's, Inc., the said John Dunphy, also known as John W. Rothenhoefer, then and there well knowing the said false pretense to be false, then and there; contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

The count completely omitted the element that any chattel, money or valuable security was obtained by the false pretense.[4] The general rule is that an indictment charging an offense denounced and defined by statute should be as fully descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute without material diversion or departure from the fair intendment of the terms of the statute, and with reasonable particularity of time, place and circumstances. *Baker v. State,* 6 Md. App. 148, 156. The indictment here failed to allege one of the essential elements of the offense proscribed by § 140 and thus did not charge an offense. Cf. *Phenious v. State, supra,* in which all the elements of a crime were alleged.[5] Since an offense was not charged by the third count, the court had no jurisdiction to try Dunphy thereon and the conviction thereunder was void. We set aside the conviction under the third count of indictment 847.

---

4. Code, Art. 27, § 609 setting out a formula for an indictment for false pretenses sufficient if substantially followed calls for a listing of the articles obtained—"* * * did obtain from C-D (here listing the articles obtained) of the goods, chattels, moneys and property of C-D * * *."

5. The question whether an indictment charges an offense is to be distinguished from the question when it does charge an offense, whether it is defective in failing to allege such other facts as would enable the accused to prepare his defense. *Ward v. State,* 9 Md. App. 583, 587-588.

This does not affect the sentence imposed. *Tender v. State, supra,* at 700-701; Code, Art. 27, § 44.

Dunphy presents two questions on appeal going to the propriety of the denial of motions made by him. He presented two pretrial motions to dismiss the indictments. The first gave as the reason that he had not been afforded a preliminary hearing. The motion was properly denied. "Maryland has no general law requiring a preliminary hearing and we have held that an accused does not have a constitutional right to one." *Gerstein v. State,* 10 Md. App. 322, 326. We found nothing in *Coleman v. Alabama,* 90 S. Ct. 1999 to indicate that a preliminary hearing is constitutionally mandated. Ibid.

The second motion to dismiss was combined with a motion for a mistrial. As a ground for the dismissal of the indictment it claimed a denial of due process of law because Dunphy was not represented by counsel at a preliminary hearing. Since he was not entitled to a preliminary hearing, and none was held, no constitutional right could be violated by lack of counsel with respect to such a hearing. This motion was properly denied.

Moving "in the alternative for a mistrial" Dunphy alleged as grounds therefor that "the twelve jurors who were impaneled and were sitting on this case at the time a mistrial was declared in an earlier proceeding should be struck for cause and upon the court's denial of this request, a mis-trial should be granted." The only proceedings on the issue according to the record before us, see Rule 1027, occurred immediately prior to trial on the general issue on 4 May. The transcript reads:

"BY MR. TURNEY (Defense Counsel) : We also had a motion, your Honor, requesting the Court allow the Defense to strike for cause the twelve jurors who had been impaneled and sat on this case at a prior date, at which time a motion was made for mistrial, and a mistrial was granted, but we feel all these twelve jurors should have been struck for cause.

676

BY THE COURT: All right, Mr. Thayer.

BY MR. THAYER (State's Attorney) : If your Honor please, you will recall that a joint effort was made by Mr. Turney and myself to discover what the law with regard to the Defendant's presence before the jury in manacles or handcuffs was. We were unable to determine that there is any law, other than the sound discretion of the Court, insofar as the safety of the Court and the spectators and jury and officers of the Court are concerned. With respect to the Defendant remaining in the Court in the presence of the jury in handcuffs or manacles, and being within the sound discretion of the Court, it has been shown that there was no prejudice which resulted to him from this situation.

BY THE COURT: The Defendant was brought in on the previous date and immediately upon being seated was unmanacled or his handcuffs removed by the Sheriff, and subsequent to that a mistrial was granted on different grounds. The Court does not feel that the jury was in anyway prejudiced and none has been shown by the fact that the Defendant was previously unhandcuffed in the presence of the jury. It was only a matter of a very short time, and whether they even saw it or not, I don't know, but I can't see that the jury was in anyway prejudiced by this, and, of course, this did not happen today. All right, that motion will be denied, Mr. Turney."

The complete argument advanced by Dunphy on the point is as follows:

"The Court should not have allowed the same Jurors to sit after having been present at the March 24th hearing when they were allowed to view the Appellant being brought into the Courtroom in shackles and were present when a mis-

trial was declared by the Court. These Jurors certainly would have been prejudiced by their earlier impression of the Appellant and would certainly be impartial in their consideration of him."

On the state of the record we cannot say that the lower court was wrong in its determination that the jury was in noway prejudiced. Nor can we say that it was an abuse of judicial discretion to deny the motion for a mistrial in the circumstances, *Baldwin v. State,* 5 Md. App. 22, or not to permit challenge for cause, Rule 744 c, or not to grant a challenge to the array, if this is what Dunphy was seeking, Rule 744 a. See *Hicks v. State,* 9 Md. App. 25; *Jones v. State,* 2 Md. App. 429; 14 Am.Jur. 855, § 132.

> *Indictment 847: as to first and second counts, the judgments are affirmed; as to the third count, the judgment is reversed.*