MR. JUSTICE ERICKSON
delivered the opinion of the Court.
Gary C. Adkins was charged with forcible rape. C.R.S. 1963, 40-2-25(1 )(a)(d). He was convicted by a jury and now asserts on appeal that the evidence was insufficient to establish the element of force. He also claims that hair tom from the victim’s head was erroneously admitted into evidence. We find both contentions to be without merit, and we affirm the conviction.
The defendant stipulated that the complaining witness had been in his automobile on the day in question and that he had had intercourse with her, but he said that she had consented after some forceful persuasion. The complaining witness described a violent struggle with the defendant, who dragged her down by her hair and choked her. She said she submitted to intercourse out of fear for her life.
Rape is completed when penetration occurs, and the fact that force is not being applied at that very moment does not rob the intercourse of its forceful and violent character. Davis v. People, 112 Colo. 452, 150 P.2d 67 (1944). The force used in this case and the fear it created caused the intercourse to fall within the prohibitions of the statute. The statute which defines the offense of rape sets forth several circumstances under which the act of sexual intercourse will be deemed to be rape. C.R.S. 1963, 40-2-25(l).[1] The defendant was charged with rape by *179 overcoming his victim’s resistance by force and violence (subdivision (d)). The defendant says that the evidence should be viewed as establishing, instead, that the victim’s resistance was prevented by convincing threats of harm which accompanied the defendant’s force (subdivision (e)); i.e., the defendant claims he was actually convicted under subdivision (e). The defendant in this case was certainly not misled or surprised. Any variance, accordingly, is not fatal, and the conviction should be upheld. People v. Collins, 54 Cal.2d 57, 351 P.2d 326, 4 Cal.Rptr. 158 (1960). See Davis v. People, supra.
The testimony of the defendant and the complaining witness created a conflict which had to be resolved by the jury. Suffice it to say that the jury believed the complaining witness and not the defendant.
We also find no error in the court permitting the district attorney to reopen his case to put into evidence a clump of hair from the complaining witness’ head. She testified that the patch of hair had been tom from her scalp in her struggle with the defendant. This foundation was laid in the course of the prosecution’s case, but the district attorney inadvertently failed to move the admission of the exhibit before he rested. The court granted leave to reopen the prosecution case to offer the exhibit as evidence. Reversible error did not occur.
The defendant’s conviction and sentence are, therefore, affirmed.
MR. CHIEF JUSTICE PRINGLE does not participate.

 “40-2-25. Rape. — (1) (a) Rape is an act of sexual intercourse, accomplished with, by or between a male and a female person or male and female persons, where such female person is not the wife of the principal perpetrator, as distinguished from accessory to such offense, under any of the following circumstances:
“(d) By the male person of whatever age where the female person, *179 whatever her age, resists, but her assistance is overcome by force or violence; and this is rape in the first degree.
“(e) By the male person of whatever age, where the female person, whatever her age, is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution, or by any intoxicating, narcotic or anaesthetic substance, administered by or with the privity of the accused without the knowledge or consent of such female; and this is rape in the first degree.”