## No. 25664

### The People of the State of Colorado v. John Saavedra and Bill A. Maldonado
(518 P.2d 283)

Decided January 28, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendants-appellants.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendants were convicted of kidnapping and conspiracy to commit rape.

The testimony was in conflict. The victim testified as

follows: She was walking home from her boyfriend's apartment at approximately 12:30 a.m. The defendants Saavedra and Maldonado, together with one Gonzales, followed her in an automobile, then stopped and physically forced her into the car. She resisted. As they drove around she pleaded to be taken home. Eventually the two defendants went to a basement storage room. While Maldonado watched, Saavedra forced the victim down and got on top of her. She cried and struggled. Saavedra threatened to hurt her if she did not do as he wanted. He pulled her jeans down and partly penetrated her.

The victim's testimony continues: They returned to the car, with Gonzales and her in the back seat and the two defendants in the front. Gonzales forcefully removed her clothes and, while Saavedra helped hold her, Gonzales had intercourse with her. Both Gonzales and Saavedra threatened to kill her if she did not comply, but nevertheless she struggled, cried and pleaded continually. Later she was pulled into the front seat and, while Saavedra and Gonzales held her, Maldonaldo partially penetrated her. Eventually they went to Maldonado's former girlfriend's apartment. There Saavedra and Gonzales fell asleep. Maldonado said he would take her home but, when they got in the car, he tried to force himself upon her. She was able to jump out of the car, run to a house and telephone the police.

Maldonado did not testify. Saavedra testified that while they were stopped at a traffic light, the victim approached the car and asked if they would give her a ride; that they did so; that she stated that she had been smoking marijuana, that she was "pretty high"; that she not only consented to intercourse with him, but was the one who commenced the lovemaking.

The defendants urged three assignments of error:
1. Insufficiency of the evidence.
2. Failure to grant a continuance.
3. Error in Instruction No. 9 which defined rape.

I.

■ The defendants concede that the victim's testimony,

if it is believed, was sufficient to sustain the convictions. The defendants contend, however, that the victim's testimony is unbelievable in that she made no attempt to escape. The defendants maintain that the severity of the threats to which the victim testified was not of sufficient magnitude to inhibit any attempt to escape. We cannot agree with this argument as the victim testified at length of the terror and fear for her life cast upon her by the three men. It is the function of the jury to resolve conflicts in the evidence and to assess credibility of witnesses; and we do not substitute our judgment for that of the jury. *People v. McCormick,* 181 Colo. 162, 508 P.2d 1270 (1973); *People v. Woll,* 178 Colo. 443, 498 P.2d 935 (1972).

## II.

On the morning of trial both defendants moved for a continuance on the ground that (1) counsel did not have adequate time to prepare their cases and that (2) the Public Defender's investigator had not been able to locate a potentially material witness (the victim's boyfriend). In January 1972 Maldonado engaged private counsel in this case, and the Public Defender was appointed to represent Saavedra. The trial was set for May 15, 1972. On April 26, 1972, Maldonado's attorney was granted leave to withdraw, and on April 28, 1972, the Public Defender was appointed to represent him. On May 3, 1972, the Public Defender was permitted to withdraw as counsel for Saavedra, and the court appointed private counsel to represent him.

In the oral motion for continuance Maldonado's attorney stated that he had been scheduled to try a first-degree murder case on May 8th, and on May 10th and 11th he in fact was in the trial of another case. Counsel for both defendants desired more time in order to locate the victim's boyfriend. They argued that if the boyfriend were to testify that he and the victim had engaged in sexual relations prior to her leaving his apartment on the night in question, her credibility would have been severely diminished.

The granting or denial of a motion for continuance lies within the sound discretion of the trial court. *People v.*

*Peery,* 180 Colo. 161, 503 P.2d 350 (1972); and *Miller v. People,* 178 Colo. 397, 497 P.2d 992 (1972). There was no abuse of discretion here.

### III.

The defendants also were charged with rape and conspiracy to commit kidnapping. The jury found the defendants guilty of this conspiracy charge, as well as kidnapping and conspiracy to commit rape. It acquitted as to the rape charge. The conviction of conspiracy to commit kidnapping was vacated.

Instruction No. 9 as submitted by the trial court provided as follows:

"You are instructed that the statutory definition of rape is as follows:

'Rape is an act of sexual intercourse, accomplished with, by or between a male and a female person, where such female person is not the wife of the perpetrator, under the following circumstances:

'By the male person of whatever age where the female person, whatever her age, resists, but her resistance is overcome by force or violence; *or where the female person, whatever her age, is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution.*'

"Rape as defined above is deemed carnal knowledge of a female person forcibly and against her will." (Emphasis added.)

█ The defendants first argue that the italicized portion of the instruction should not have been given because in the information the defendants were charged with rape by force rather than with rape by threats. Thus the defendants were not placed on notice that a theory of the prosecution's case was rape by threats. It is to be noted that, even though the defendants were acquitted of rape, the contention as to the. instruction is relevant because the conspiracy to commit rape charge referred to the rape charge.

It is true that the information specifically charged the defendants with unlawful sexual intercourse with the victim

"who resisted and whose resistance was overcome by force and violence." However, the information made it clear that the defendants were charged with violating C.R.S. 1963, 40-2-25. That statute includes within its prohibitions sexual intercourse where resistance is prevented by threats of immediate and great bodily harm. This situation is similar to the one in *People v. Adkins,* 181 Colo. 177, 508 P.2d 377 (1973). In *Adkins* the defendant was charged with rape by overcoming his victim's resistance by force and violence while the evidence showed that the victim submitted out of fear for her life. In upholding the conviction, we stated that the defendant had not been misled or surprised and any irregularity was therefore not fatal. Under the *Adkins* rationale, if the instruction was improper, the defendants should not have been misled nor surprised and, therefore, no prejudicial error occurred.

The defendants next contend that the italicized portion of Instruction No. 9 should not have been given because there was no evidence to support a rape where resistance had been prevented by threats of immediate and great bodily harm. The defendants' contention is erroneous. The complaining witness testified that at least two of the acts of intercourse had been accompanied by threats. In the storage room defendant Saavedra "threatened that he would hurt me if I didn't let him do what he wanted . . . ." Later in the automobile during an act of intercourse defendant Saavedra had said, " 'You better do as we say or we'll kill you.' " In light of this testimony it was not error to instruct the jury concerning rape where resistance is prevented by threats of immediate and great bodily harm.

Judgement affirmed.